[No. 19218.   Department One.   October 8, 1925.]

OWEN H. WAYSON, *Appellant,* v. RAINIER TAXI COMPANY
*et al., Respondents.*[1]

HIGHWAYS (52, 59)—NEGLIGENCE (23)—AUTOMOBILES—INJURY TO
PASSENGER—IMPUTED NEGLIGENCE—INSTRUCTIONS.   A passenger, as
well as a guest in a taxicab operated for hire, is guilty of contribu-
tory negligence, precluding recovery for injuries sustained through
the negligence of the driver, where he entered the conveyance and
continued to ride therein with knowledge that the driver had been
drinking intoxicating liquor and was intoxicated or under the in-
fluence of liquor.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered September 29, 1924,
upon the verdict of a jury rendered in favor of the
defendants, in an action for personal injuries sustained
in an automobile accident.   Affirmed.

*P. L. Pendleton* and *Guie & Halverstadt,* for appel-
lant.

*Thomas M. Askren* and *Van Dyke & Thomas,* for re-
spondents.

MAIN, J.—This action was brought to recover dam-
ages for personal injuries sustained in an automobile
accident.   The cause was tried to a jury and resulted
in a verdict in favor of the defendants.   Motion for a
new trial being made and overruled, judgment was
entered upon the verdict.   The plaintiff appeals.

The facts which the jury had a right to find may be
summarized as follows:   The respondent George H.
Gould is engaged in operating taxicabs in the city of
Tacoma and vicinity and does business under the name
of the Rainier Taxi Company.   The respondent Ed-
ward J. Scott was the driver of one of the taxis.   On
August 28, 1923, at about 10 o'clock p. m., the appellant

[1]Reported in 239 Pac. 559.

employed Scott to drive him and a friend, one Clark, to the city of Seattle. There accompanied them a lady, who was a friend of Scott. Before they started from Tacoma, the appellant, Clark and Scott had been drinking intoxicating liquor together. There is evidence that the appellant furnished the money to buy the liquor. After the party started for Seattle and had proceeded on their way some distance, the car was stopped and, as the appellant testifies, Scott, the driver, produced a bottle of liquor, from which they all drank except him. Before they reached Seattle, and while rounding an S curve in the road at a high rate of speed, the taxi left the road and turned over on its side. Clark was killed and the appellant was injured.

The assignments of error relate to three instructions, one of which was as follows:

"You are instructed that, if you believe from the evidence that the plaintiff, at the time and place in question, entered the taxicab for the purpose of being driven to another place by a driver who had been drinking intoxicating liquor, and if you further believe from the evidence that the plaintiff knew that the driver had been drinking intoxicating liquor immediately prior to the starting upon the contemplated journey, and that the plaintiff with such knowledge entered the taxicab for such purpose, and that when so entered, the plaintiff knew or had reason to believe that the driver was intoxicated or was under the influence of intoxicating drinks, then such fact, under such circumstances and the knowledge, would impute negligence to the plaintiff."

There is another instruction to the effect that, if the appellant knew, or had reason to believe, that the driver of the vehicle had been drinking intoxicating liquors, and by reason of being under the influence thereof was operating the machine carelessly or negligently, and he continued to ride as a passenger, he could not recover.

The appellant complains of the giving of these instructions, and the first question is whether the instructions state the correct rule with reference to a guest or passenger entering an automobile and continuing to ride therein after he knows, or has reason to believe, that the driver is intoxicated or under the influence of intoxicating liquor. It is the general rule that negligence of the driver of a vehicle is not imputable to a passenger so as to bar a right to recovery, but the conduct of a passenger in entering an automobile and continuing to ride therein, when he knew or must have known that the driver was intoxicated, establishes independent negligence and bars the right of recovery. In *Lynn v. Goodwin*, 170 Cal. 112, it was said:

"While it is true that in general the negligence of the driver of a vehicle is not imputable to a passenger so as to bar that passenger's right of recovery (citing cases), yet the conduct of the plaintiff in riding and in continuing to ride in an automobile when he must have known that the driver was intoxicated, established independent negligence upon the plaintiff's part, independent of the driver's negligence, barring the right of recovery."

In Berry on Automobiles (4th ed.), p. 549, it is said:

"The conduct of a passenger in continuing to ride in an automobile after knowing that the driver was intoxicated, has been held to amount to negligence barring recovery for injuries due to the negligence of such driver and the driver of an automobile which came into collision with them."

In Babbitt, The Law Applied to Automobiles (2d ed.), § 1206, it was said:

"While the negligence of the driver is not imputable to a passenger, yet the conduct of one riding and continuing to ride in an automobile when he must have known that the driver is intoxicated established independent negligence in the plaintiff."

See, also, to the same effect: *Besserman v. Hines,* 219 Ill. App. 606; *McGeever v. O'Byrne,* 203 Ala. 266, 82 South. 508; Huddy on Automobiles (7th ed.), p. 921.

The rule applies to a passenger in a vehicle for hire as well as a guest. *Winston's Adm'r v. City of Henderson,* 179 Ky. 220, 200 S. W. 330; *Shiflett's Adm'x v. Virginia R. & Power Co.,* 136 Va. 72, 116 S. E. 500. The appellant calls our attention to *Bauer v. Tougaw,* 128 Wash. 654, 224 Pac. 20, and to the rule there stated, but in that case the court was not considering the rule where a passenger or guest knowingly rides in a vehicle with an intoxicated driver. The rule of that case is adhered to, but it is not applicable to the facts in the present case. The distinction between guests and passengers riding with an intoxicated driver and those riding with a driver not intoxicated is recognized in *Hemington v. Hemington,* 221 Mich. 206, 190 N. W. 683, where it is said:

"Our attention is directed to cases of intoxicated drivers where it has been held that it is contributory negligence to continue to ride with such a person after knowledge of his condition and with opportunity to leave the car. We cannot make such decisions fit this case. Intoxication temporarily destroys the faculties essential to safe driving, and this is of such common knowledge that no one with sense will submit to the peril of riding with such a person. Defendant possessed her faculties but made reckless use of them."

It follows that the court did not err in the instructions above referred to.

There is an assignment of error as to another instruction, but this apparently is an inadvertence, because the instruction set out and complained of was not given by the court.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, and HOLCOMB, JJ., concur.