[No. 22664. Department Two. December 29, 1930.]

MARION C. WOLDEN, *Plaintiff*, v. C. ANN GARDNER *et al.*, *Respondents*, OTTO WOLD, *Cross-complainant, Appellant.*[1]

[1]Reported in 294 Pac. 574.

666

R. V. Welts and Wm. L. Bailey, for appellant.
C. J. Henderson and Alfred McBee, for respondents.

BEALS, J.—The facts giving rise to this litigation are, briefly stated, as follows: Defendant George Gardner, driving an automobile owned by his mother, the defendant C. Ann Gardner, together with three of his friends, including the cross-complainant Otto Wold, were, on the night of June 11, 1929, returning to their homes in Stanwood from a short trip to Blaine and points just across the British Columbia line, where they had passed a short hour in convivial association. As the party, on their return, were approaching the northern limits of the city of Mount Vernon, their car collided with another automobile, which had also been proceeding in a southerly direction, and which was being pushed by the persons in control thereof, the machine having refused to respond to its starter. This car had its right two wheels off the pavement, the left wheels being approximately two feet over on the paved portion of the highway. The Gardner car, having struck the disabled machine, caromed off to the left and collided with a Ford sedan which was proceeding north, driven by one Marion O. Wolden.

The three cars were badly damaged, and Mr. Wolden instituted this action against defendants Gardner and others, including cross-complainant Otto Wold, for the purpose of recovering damages suffered by him as a

result of the collision. Mr. Wold, having been seriously injured in the collision, filed a cross-complaint seeking damages from defendants on account of his injuries. The action brought by Mr. Wolden was dismissed before trial, and the cause proceeded to hearing upon the cross-complaint of Otto Wold. At the close of the testimony introduced by cross-complainant, the trial court sustained a challenge to the sufficiency of the evidence introduced by him, and entered judgment dismissing the cross-complaint. From this judgment Mr. Wold appeals.

Appellant testified that the parties left for Blaine in the Gardner car about 8:30 o'clock, p. m., it being conceded that appellant was the guest of respondent George Gardner. The party arrived at Blaine shortly after ten o'clock, and then crossed the international boundary line into British Columbia, where a bottle of rum was purchased, from which the members of the party regaled themselves, Mr. Gardner, according to appellant's testimony, taking two or three drinks. After about half an hour, the men returned to the American side of the line and proceeded towards home, stopping at Ferndale for about half an hour, where some further liquor was imbibed, the parties also refreshing themselves with a light lunch of sandwiches and coffee.

In response to a question as to whether or not, while driving from Blaine to Ferndale, Mr. Gardner evidenced that he was under the influence of intoxicating liquor, appellant answered, "No, I don't think he was." Appellant testified that he was sitting on the left hand side of the rear seat, and that after leaving Bellingham appellant protested to Mr. Gardner at the rate of speed at which he was driving, telling Mr. Gardner that he was driving too fast. Appellant further testified that in response to his objection Mr. Gardner slowed down

a little, but before long was again driving between fifty and sixty miles an hour.

At and to the north of the scene of the accident, where the party arrived about one o'clock, a. m., the highway, which at that point is paved with concrete to a width of twenty feet, four inches, is straight for quite a distance. Eight hundred twenty-seven feet from the city limits, the highway is crossed by the track of an interurban railway; one hundred eighty feet south of this track the highway is crossed by the track of the Great Northern Railway, twenty-nine feet south of which track lies another track known as the "Clear Lake switch." From this switch to the city limits, is six hundred eighteen feet. The highway, at the point it is crossed by the Great Northern track, is slightly higher than it is to the north or south, the road, in a distance of two hundred eighty feet north of the track, dropping three feet, and, proceeding south from the Great Northern crossing, the highway dips, rising again to the city limits, at which point it is two feet higher than at the railroad crossing. The roadway, at its lowest point between the Great Northern track and the city limits, is five feet lower than at the railroad crossing, and seven feet lower than at the city limits.

According to the testimony of the persons in charge of the stalled car, a Maxwell, the rear light of this car was on, and was clearly visible from the north. Two men were pushing this car, it standing, as hereinabove stated, two feet over onto the west portion of the pavement. It appears that the night was somewhat cloudy, but that no rain was falling, the lights of the Gardner car were functioning properly, and yet, without apparent excuse, the Gardner car struck the Maxwell, careening off into collision with the Wolden car, which just then appeared upon the scene, proceeding in a

northerly direction upon its proper side of the pavement.

Respondents' liability to appellant is, under the admitted facts of this case, to be determined by the gross negligence rule, as laid down by this court in the cases of *Heiman v. Kloizner,* 139 Wash. 655, 247 Pac. 1034, *Saxe v. Terry,* 140 Wash. 503, 250 Pac. 27, and many subsequent cases. This case being before us upon appellant's testimony only, such testimony must be considered in the light most favorable to appellant, as an action should not be dismissed, on motion of the adverse party, at the close of the plaintiff's case if any evidence has been introduced upon which, after considering all the evidence before the court, a verdict in favor of the plaintiff can be sustained. *Jordan v. Spokane, Portland & Seattle R. Co.,* 109 Wash. 476, 186 Pac. 875.

In the case of *Welch v. Auseth,* 156 Wash. 652, 287 Pac. 899, this court affirmed a judgment entered in favor of the plaintiff upon the verdict of a jury, the judgment being for damages suffered by plaintiff as a result of conduct on the part of the driver of a motor vehicle, which the court held was of such a nature as to justify the jury in finding that the same constituted gross negligence. While it is true that the facts of this case differ from the facts of other gross negligence cases which have been decided by this court, we are of the opinion that under the case last cited, and the cases of *Adair v. Newkirk,* 148 Wash. 165, 268 Pac. 153, and *Trotter v. Bullock,* 148 Wash. 516, 269 Pac. 825, it must be held that the evidence introduced by appellant constitutes a sufficient showing of gross negligence on the part of respondent George Gardner to take the case to the jury, unless it must be held as matter of law that it appears from the evidence that

appellant was guilty of such independent negligence as to bar his right of recovery.

Respondent contends that the ruling of the lower court was right in that appellant's testimony shows that he was, as matter of law, guilty of such independent negligence, as bars any recovery of damages in his favor, in that appellant left Stanwood with the other members of the party, knowing that the purpose of the trip was to go across the Canadian boundary line for the purpose of imbibing intoxicating liquor, and that it appears from the evidence that respondent Gardner, having, while the party was in British Columbia, drunk some liquor, suffered because thereof such impairment of his faculties that he was incapable of properly driving the automobile on the homeward journey; that appellant knew this, and because of the fact that appellant continued riding in the car with respondent Gardner, knowing of Gardner's condition and that he was not capable of the exercise of ordinary judgment in driving the machine, appellant cannot now recover against respondents judgment for damages on account of the physical injuries which appellant suffered, as hereinabove set forth.

Respondents' counsel cites, in support of this contention, two Washington cases. In the first of these, *Garrow v. Seattle Taxicab Co.*, 135 Wash. 630, 238 Pac. 623, it was held that in an action brought by a passenger riding for hire in a taxicab to recover judgment for damages on account of personal injuries suffered by him in a collision between the taxicab and a fallen tree, one phase of the law applicable to the evidence was correctly stated to the jury by the trial court in the following instruction:

" 'You are instructed, members of the jury, that even if you believe that the driver of the taxicab was driving said automobile prior to the accident in a

reckless and careless manner, yet, if you also find from the evidence in this case that the plaintiff noticed, or in the exercise of ordinary care should have noticed such recklessness, and if you believe that an ordinarily prudent person under the circumstances would have warned, cautioned or directed such driver to drive in a careful and prudent manner; and if you find that the plaintiff failed to do so, and his failure caused or contributed to causing the accident, then the plaintiff was guilty of contributory negligence, and your verdict must be for the defendant.' "

In the case cited, the action was tried to a jury, which brought in a verdict for the defendant. The trial court granted a new trial, being of the opinion that error had been committed in the giving of the instruction above quoted. This court held that the instruction was not objectionable, and that the court had not erred in giving the same. In the course of the opinion it was stated:

"So, also, if the automobile be driven at a speed dangerous under all circumstances, or dangerous under the particular circumstances, and the passenger had an opportunity to warn or protest against the speed and failed so to do, clearly he could not recover against the owner for an injury resulting from the excessive speed. His conduct under the circumstances must be that of a reasonably prudent person, and it is not reasonable prudence for one to remain passive while another negligently subjects him to an unnecessary danger when an opportunity to act is present. This is not to say that the passenger must protest against every act of the driver that he deems incautious or imprudent. There are degrees in this as there are in every form of negligence. Instances can arise where the court can say that the failure to act was negligence as matter of law, and others again where it can say that the failure to act was not negligence; and between the extremes there is the usual twilight zone wherein reasonable minds might reasonably differ as to the fact. In these latter instances,

it is the duty of the court to submit the question of negligence of the passenger to the triers of the fact.''

In the case of *Wayson v. Rainier Taxi Co.*, 136 Wash. 274, 239 Pac. 559, a judgment entered by the court upon the verdict of a jury rendered in favor of the defendants in an action for personal injuries sustained in an automobile accident was affirmed. It appeared that the plaintiff hired a taxicab, driven by one Scott, to drive plaintiff and two friends from Tacoma to Seattle. Plaintiff knew that the driver Scott had been drinking some intoxicating liquor before leaving Tacoma. While rounding a reverse curve in the road, the taxicab overturned, severely injuring the plaintiff. The plaintiff appealed from an adverse judgment, contending that the trial court had erred in the giving of certain instructions which were to the effect that, if plaintiff knew that the driver of the taxicab had been drinking intoxicating liquor immediately prior to the commencement of the journey, and if plaintiff, having such knowledge, and knowing or having reason to believe that the driver was intoxicated or was under the influence of intoxicating liquor, entered upon the journey, or that if plaintiff, while en route to Seattle, had reason to believe that the driver of the taxicab, by reason of the fact that he was under the influence of liquor, was operating the car carelessly or negligently, and, notwithstanding such knowledge, continued to ride as a passenger therein, plaintiff could not recover. It was held that the instructions given correctly stated the law applicable to the facts of the case under consideration.

The two cases cited were correctly decided, but in each case the questions in dispute were by the trial court submitted to the jury for determination. The cases do not support respondents' argument here that this court should hold as matter of law that, under the

evidence introduced in behalf of appellant, it must be held that appellant was guilty of such negligence as to preclude his recovery. This case, on the contrary, falls within the class referred to in the portion of the opinion in the *Garrow* case above quoted as cases "wherein reasonable minds might reasonably differ as to the fact" of negligence. An examination of the record convinces us that the trial court erred in sustaining respondents' challenge to the sufficiency of the evidence, and that the record before us shows that appellant made a prima facie case, proof, at that stage of the proceedings, against a motion by respondents for judgment in their favor as matter of law.

The judgment appealed from is reversed, with instructions to the trial court to overrule respondents' challenge to the sufficiency of the evidence, and proceed to again try the issues between the parties.

MITCHELL, C. J., MILLARD, and MAIN, JJ., concur.

FULLERTON, J., concurs in the result.