[No. 23615. Department Two. March 9, 1932.]

OTTO WOLD, *Respondent*, v. C. ANN GARDNER *et al.*, *Appellants*.[1]

C. J. *Henderson* and *Alfred McBee*, for appellant.

R. V. *Welts* and *Wm. L. Bailey*, for respondent.

HOLCOMB, J.—This case was before us on a former appeal from a judgment by the lower court granting a nonsuit dismissing a cross-complaint for personal injuries sustained in an automobile accident, after a trial on the merits to a jury, which judgment was reversed and the cause remanded for a retrial. *Wolden v. Gardner*, 159 Wash. 665, 294 Pac. 574. This action was voluntarily dismissed by the original plaintiff and

[1]Reported in 8 P. (2d) 975.

was retried in the court below by Wold, who was originally the cross-complainant, as the real plaintiff.

A very fair and complete summary of the facts giving rise to the litigation is given in the decision on the former appeal.

On the retrial, although appellants assert to the contrary, the abstracts of the records in the two cases disclose that the evidence, of respondent and his principal witnesses was in all important details the same as on the former trial. Even the testimony of an assistant county engineer as to the difference in elevation of the highway and the several railroads crossing it in that locality, greatly stressed by appellants, is substantially the same as was given on the former trial.

The first two claims of error, argued together by appellants, relate to the denials of motions for nonsuit and for directed verdict.

It is forcefully argued and insisted that there was no gross negligence shown on the part of appellants in the trial of this case.

The same facts tending to show gross negligence were presented on retrial which, rightly or wrongly, on the former appeal were held to be sufficient for submission to the jury for determination. That constitutes the law of the case, by which the parties, the trial court and this court are now concluded. *Garrow v. Seattle Taxicab Co.*, 135 Wash. 630, 238 Pac. 623, 45 A. L. R. 293, and *Wayson v. Rainier Taxi Co.*, 136 Wash. 274, 239 Pac. 559, 45 A. L. R. 290, which appellants insist declare the law of this state respecting the questions of gross negligence and independent negligence on the part of a guest rider, were there discussed and their inapplicability to the facts in this case determined.

Under the former decision, *supra,* it is obvious that

the trial court would have erred in granting a nonsuit or directed verdict in favor of appellants.

■ It is contended that the court erred in giving an instruction reading:

"You are instructed that the statute law of this state at the time here in question provided:

" 'Every person operating or driving a vehicle of any character upon a public highway of this state shall drive the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface and freedom of obstruction to view ahead, and so as not to unduly or unreasonably endanger the life, limb, property or other rights of any person entitled to the use of the highway and in no event at a speed greater than forty miles an hour.'

"Violation of positive statute law is *prima facie* evidence of negligence. Negligence is failure to use ordinary care. Gross negligence is failure to observe slight care. Whether the act or acts or any combination of acts on the part of the driver, George Gardner, constitute gross negligence or want of slight care, and if so, whether this proximately caused an injury to Otto Wold becomes a question for your determination under all of the facts of the case."

The first part of the instruction simply gives the statutory duties of drivers when operating motor vehicles upon the highways which respondent was entitled to have given to the jury. The latter part of the instruction is in complete accord with the rule we have laid down many times under similar situations, to the effect that violation of a positive, applicable statute, or ordinance, is *prima facie* evidence of negligence. The remainder of the instruction defining negligence and gross negligence in connection therewith

was certainly not unfavorable to appellants, and other instructions had been given by the court more fully defining them.

The next complaints, argued together, are that the trial court erred in giving instructions numbers eleven and thirteen to the jury. These read:

"(11) You are instructed that should you find that defendant George Gardner, some time before the collision in question, to the knowledge of plaintiff Wold, had been drinking intoxicating liquor, or should you find that at the time of collision he was driving under the influence of liquor, this would not necessarily prevent Mr. Wold from recovering.

"There are times when an automobile passenger may be negligent in continuing to ride with a driver who is manifestly incompetent or inattentive to duty, and there are times and circumstances also when it is not negligence to do so.

"The question whether the driver Gardner was grossly negligent in driving his car, and also the question whether the passenger Wold was guilty of independent negligence, in riding or continuing to ride with him, are both questions which under all of the facts of the case are for the jury to determine."

"(13) The ultimate test you should apply in determining whether the plaintiff, Otto Wold, was guilty of independent negligence in riding with the defendant, George Gardner, is whether in so doing he acted as an ordinarily careful and prudent person would have acted under the circumstances. Whether the driver evidenced recklessness in his driving from use of intoxicants or otherwise or at all; If so, whether this was apparent or should have been apparent to the passenger; Whether the facts required that the passenger protest; Whether he did protest and if so adequately; Whether the passenger should have continued riding; Whether he could have or should have gotten out; These are all matters which you may consider, along with the other facts of the case, in determining whether the passenger exercised ordinary care in entering the car or in remaining in it, or in reference to

his conduct while in it. If, under all of the facts, you find that the passenger failed to exercise that care which an ordinarily careful and prudent person would have exercised under the circumstances, and such failure caused or contributed in causing an injury to himself, he cannot recover therefor; But if you find that he did act as an ordinarily careful and prudent person similarly situated would have acted, then there is nothing in his own conduct which would bar his recovery.''

Since it was held on the former appeal that the questions of gross negligence and independent negligence of respondent were questions of fact for the jury to determine, the very emphatic assertion of appellants that they do not state the law, but that the law is as decided in the *Wayson* case, *supra,* that, where a passenger enters an automobile knowing the driver thereof to be intoxicated, he is guilty of independent negligence as a matter of law and the jury has no option in the matter, is defeated by the fact that respondent testified that he did not know, when they began the return journey from British Columbia on the night in question, that the driver was intoxicated, and it was not until they had left Ferndale and were driving on the Chuckanut drive that he began to notice that the driver was driving too rapidly. All the other facts given by him were as stated in the former decision herein.

■ The second sentence of instruction number eleven, at first blush, would seem to be an incorrect, or at least an inconsistent, statement of the law. We find, however, that it follows the logic of the decision in *Bauer v. Tougaw,* 128 Wash. 654, 224 Pac. 20, where, among other things, we said:

"It is equally as well established that a passenger in an automobile may be guilty of such negligence as would cause or contribute to the collision and which

would render him guilty of contributory negligence and preclude his recovery. . . .

"The rule applicable to this situation is that if the plaintiff, in the exercise of due and ordinary care, such as would be exercised by a reasonably prudent and cautious man, saw, or should have seen, that the driver of the car was conducting himself in a negligent manner, and if, under those circumstances, in the exercise of due and ordinary care, a reasonably prudent and cautious man would have warned or cautioned or attempted to persuade the driver from his reckless conduct and drive his car in a careful and prudent manner, and failed to give such warning or caution or to make such attempt, and such failure caused or contributed to the collision, then the passenger would be guilty of contributory negligence which would bar his recovery."

Instruction No. 13 followed and gave the law as pronounced in that case.

Furthermore, the trial court gave an instruction, No. 12, substantially as requested by appellants in request No. 17, instructing the jury according to appellants' theory of the facts of the case and the law applicable thereto as favorably as could be desired.

Under the law of the case as made on the former appeal, we conclude that the jury were correctly instructed.

Appellants also complain of an instruction in which the jury were told that, if they found defendant George Gardner liable, they should also find the other defendant liable. We find no fault with that instruction, inasmuch as appellants concede that that result followed as a matter of law.

The judgment is affirmed.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.