[No. 24673.    Department Two.    February 1, 1934.]

F. R. GRAVES *et al., Respondents,* v. G. L. MICKEL *et al., Appellants.*

H. L. JONES, *Respondent,* v. G. L. MICKEL *et al., Appellants.*[1]

[1]Reported in 29 P. (2d) 405.

Roberts, Skeel & Holman and Frank Hunter, for appellants.

Shank, Belt & Rode, for respondents.

GERAGHTY, J.—H. L. Jones, accompanied by Mrs. Nettie Graves, a guest, was driving a Chrysler coupe toward Wenatchee on the main highway between that city and Seattle. When going up what is known as Stein hill, a short distance east of Dryden, the car driven by Jones collided with the rear of a truck standing on the highway, resulting in severe injuries to Mrs. Graves and less serious injuries to Jones.

The truck was owned and operated by G. L. Mickel. Ralph Hall was employed by Mickel to assist in the operation of the truck, and accompanied him on this trip. Mickel was engaged in hauling merchandise from Seattle to Wenatchee, and at the time the truck was carrying a seven and one-half ton load.

Mickel and Hall had left Seattle for Wenatchee about eleven o'clock in the morning of the day of the accident, and had reached Stein hill about eight in the evening. When part way up the hill, the motor began to "sputter," and after the truck had gone a short distance further, went dead. Upon examination for the cause of the engine trouble, Mickel found there was plenty of gas, and reached the conclusion that the trouble was caused by some mechanical defect in the carburetor. He sent Hall to Wenatchee to get the

necessary repair parts. He remained with the truck himself, awaiting the return of Hall. The truck had been in this position for an hour and a half, when the collision occurred, at nine-thirty p. m.

Mrs. Graves and her husband sued Mickel and Hall to recover damages for personal injuries sustained by the wife. Jones sued for personal injuries and property damage to his car. The complaints alleged that the defendants carelessly, negligently and unlawfully stopped the truck with all four wheels upon the paved portion of the highway, and so left it without proper lights, or any lights, and without any warning of any kind to the users of the highway. The defendants in their answers denied negligence, and affirmatively pleaded contributory negligence on the part of plaintiffs. The cases were consolidated for trial, and tried to the court with a jury. Verdicts were returned in favor of the plaintiffs. Motions made by defendants for directed verdicts, judgments notwithstanding the verdicts, and for new trials, were overruled. From judgments entered upon the verdicts, defendants appeal.

Stein hill is about a mile long, with a grade slightly less than six per cent. The point where the accident occurred is about two hundred forty feet east of a curve having a seven per cent radius. The highway is paved with cement to a width of eighteen feet. Outside of this, on the left looking east, is a dirt shoulder fifteen inches wide, and then a guard rail. On the right-hand side next to the pavement is a gutter eighteen inches wide, with a six-inch trough, then a three-foot dirt shoulder, and beyond the shoulder a ditch about the same width. The pavement is divided longitudinally by a black line in the center.

While driving east from Dryden, Jones was followed by a car driven by W. S. Macy, a friend. Macy testi-

fied that he followed at a short distance behind the Jones car, so close that he saw the rear of the truck immediately before the collision. Respondents' witnesses testified that the stalled truck was standing wholly upon the right half of the paved portion of the highway, the left wheels being slightly to the right of the black line. They also testified there were no lights upon the truck, except one small red light on the left upper corner of the truck more than ten feet above the road. Some of these witnesses might be said to be interested, or friendly to the respondents; others were persons living nearby and disinterested.

The appellants' witnesses testified that the truck was parked partly off the concrete, leaving fourteen feet of the paved way free for traffic. One of appellants' witnesses was a state highway patrolman, who testified that he passed the stalled truck sometime before the accident, and found it parked as far off the highway as it could be. Appellants' witnesses also testified that the truck was fully lighted in front.

After Hall had been dispatched to Wenatchee for repairs for the carburetor, Mickel discovered there was also trouble in the gasoline feed pump; and it appears that both the carburetor and feed pump were out of order.

The principal assignments of error go to the merits and the failure of the trial court to give certain instructions requested by appellants.

In addition to the general verdicts, the jury returned three special verdicts, responsive to interrogatories submitted, as follows:

"(1) Q. Was the truck lighted at the time of accident? A. Yes.

"(2) Q. Was the truck parked off the pavement as far as was reasonably safe? A. No.

"(3) Q. What caused the truck to stall on the hill? A. Gas line trouble."

It may be said of these interrogatories that they were not happily phrased, and that the jury's response to them can hardly be controlling upon the issues of fact involved, or irreconcilable with the general verdict. In answer to the first interrogatory, the jury answered that the truck was lighted. This lighting might be much or little; it might be the full glare testified to by appellants' witnesses, or the single small red light at the top of the truck testified to by respondents' witnesses. The jury found, in answer to the second interrogatory, that the truck was not parked off the pavement as far as was reasonably safe. In explanation of special verdict No. 2, seven of the jurors made an affidavit, saying:

"In regard to our answer to special verdict No. 2, we, as jurors, did find only the right tires of the truck were parked on the shoulder. We did find that the left wheels were on the pavement. We did find that the truck was not so parked as to leave sixteen feet of clear pavement."

This affidavit could not, of course, impeach the verdict, and even if the jury had answered the second interrogatory in accordance with the views expressed in the affidavit, the finding would not be irreconcilable with the general verdict.

The answer to the third interrogatory was less conclusive than either of the other two. The jury found that what caused the truck to stall was gas line trouble, but the existence of this trouble did not absolve the appellants from liability, if they were negligent in the use of a defective truck upon a public highway. In the operation of their truck, hauling a heavy load over a mountainous road, they were under a duty to have it properly equipped for such service. The appellants' own evidence shows that both the carburetor and gasoline feed pump were out of order, worn and defective.

A reasonable examination on their part would have discovered these defects. *Keller v. Breneman,* 153 Wash. 208, 279 Pac. 588, 67 A. L. R. 92. On the whole, we are clear that, upon the issue of the primary negligence of the appellants, the question was for the jury.

This brings us to a consideration of appellants' claim of contributory negligence on the part of respondents. Considering first the case of respondent Jones, we find that, according to the testimony of his own witnesses, at least half of the paved portion of the highway was free to traffic, and it appears from the evidence that many cars passed in both directions during the time the truck stood on the highway preceding the accident. Jones was driving a car equipped with proper lights and efficient brakes. He was travelling, according to his own testimony, at the rate of about forty miles an hour. Mr. Duff, the highway engineer in charge of that district, testified that the curve could be safely rounded at that speed, and, after making the curve, there was a straight-away of over two hundred feet to the point where the truck stood.

As we have seen, Macy, Jones' friend who followed closely behind, testified that, before the crash, he saw the rear of the truck. After the crash of the Jones car, Macy was able to stop within the intervening space, less than fifty feet. If Jones had been operating his car, equipped as it was with good lights and proper brakes, with ordinary care for his own safety, he would have seen the truck in time to avoid accident. We cannot escape the conclusion that respondent Jones was guilty of such contributory negligence, as a matter of law, as should bar a recovery in his case.

Mrs. Graves was riding as a guest in the Jones car. The negligence of Jones is not to be imputed to her. She was not in control of the operation of the car, and was not in a position to compel the observance

by Jones of any direction she might give him. True, the law imposed upon her the duty to do whatever an ordinary prudent person would do under the circumstances. She testified she did not caution Jones, other than to tell him she did not wish him to drive faster than thirty-five miles an hour. She might have seen the truck if she had kept her eyes fixed upon the road ahead, but a guest is not charged with the same degree of attention as a driver. She was not called upon to warn the driver until something challenging had brought the possibility of danger to her attention.

The question whether she did, or failed to do, what an ordinary prudent person, being a guest, would do under the circumstances was for the jury to say. *Sadler v. Northern Pacific Ry. Co.*, 118 Wash. 121, 203 Pac. 10; *Bauer v. Tougaw*, 128 Wash. 654, 224 Pac. 20; *Gillum v. Pacific Coast R. Co.*, 152 Wash. 657, 279 Pac. 114; *Haaga v. Saginaw Logging Co.*, 169 Wash. 547, 14 P. (2d) 55. See, also, *Miller v. Union Pacific R. Co.*, 54 Sup. Ct. Rep. 172.

■ We now come to a consideration of the errors assigned upon the trial court's refusal to give certain instructions requested by appellants. No complaint is made of the instructions given by the court, and, indeed, a complaint could not well be made, as they were as favorable to appellants as could be asked, and fully covered the issues of the case. Appellants requested, and the court declined to give, an instruction predicated upon the theory that the presence of the truck upon the highway was merely a condition, and that anything the appellants did, or failed to do, was only a remote cause of the accident. We think the trial court properly declined to give this instruction.

"But the argument is advanced that, even though the railroad company be guilty of negligence and the wife be absolved from the charge of contributory neg-

ligence, nevertheless the railroad company is not liable, because, under the circumstances here disclosed, the proximate cause of the wife's death was not its negligence, but the negligence of the husband in driving upon the track in the face of the approaching train. The validity of this contention depends altogether upon whether the negligence of the husband constituted an intervening cause which had the effect of turning aside the course of events set in motion by the company, and in and of itself producing the actionable result. The evidence here does not present that situation. Instead of a remote cause and a separate intervening, self-sufficient, proximate cause, we have here concurrent acts, co-operating to produce the result. As this court pointed out in *Washington & Georgetown R. Co. v. Hickey,* 166 U. S. 521, 525, 17 S. Ct. 661, 41 L. Ed. 1101, the vice of the argument consists in the attempt to separate into two distinct causes (remote and proximate) what in reality is but one continuous cause; that is to say, an attempt to separate two inseparable negligent acts which, uniting to produce the result, constituted mutually contributing acts of negligence on the part of the railroad company and the driver of the automobile." *Miller v. Union Pacific Railroad Co.,* 54 Sup. Ct. Rep. 172, *supra.*

The court declined to give another instruction requested by appellants to the effect that, if the driver of the Chrysler car within the spread of its headlights could have discovered appellants' truck by the exercise of ordinary and reasonable care in time to have avoided running into it, the driver of the car would be guilty of negligence, and that, if the jury found

" . . . that such negligence, if any, was the sole proximate cause of the accident and resulting injuries to plaintiff, Mrs. Graves, then and in such event you will return a verdict for the defendant."

The instructions given by the court, as a whole, sufficiently covered the question of proximate cause.

The court's instruction No. 16 read in part:

"You are instructed that guest riding in an automobile is not permitted to 'sit tight' and pay no attention whatever to the conduct of the driver, but must exercise reasonable care for her own safety; and if she sees, or in the exercise of reasonable care should see, that the driver is operating the car in a negligent or dangerous manner, or in any manner to violate the law, and if the circumstances are such that, as a reasonably prudent person, she should protest or warn the driver against such conduct but fails to do so, then she herself is guilty of negligence, and if such negligence contributes as a proximate cause to her injury, she cannot recover.

"To restate the matter in another form, the law does not impose upon a guest an absolute duty to direct or supervise her host in the operation of the car, but does require that she exercise reasonable care for her own safety, and if the circumstances are such that a reasonable prudent woman in her position would warn or caution the driver about the operation of the car, then she must do so or she is guilty of negligence."

Instruction No. 26 read:

"You are further instructed that the proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new, independent cause, produces that event, and without which the event would not have occurred."

Appellants complain of the court's refusal to instruct the jury that they should give "no consideration whatsoever as to whether or not either vehicle was covered by insurance." The record does not disclose sufficient reason for giving this instruction, and we think the giving of it would have done more harm than good to the appellants, as it would have forcefully brought to the minds of the jurors the possibility of such insurance.

In view of what has heretofore been said, we think

it unnecessary to discuss appellants' other assignments.

The judgment in favor of respondent Jones is reversed, and the cause remanded with direction to dismiss. The judgment in favor of the respondents Graves is affirmed.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.

