[No. 35253.    *En Banc.*    December 29, 1960.]

ELDORA ANN MILLER, *by her Guardian ad Litem, Matt J. Miller, Appellant,* v. A. E. TREAT *et al., Respondents.*[1]

[1]Reported in 358 P. (2d) 143.

*Felthouse & Brachtenbach* and *Ray Browder*, for appellant.

*Gavin, Robinson & Kendrick, Robert R. Redman, Palmer, Willis & McArdle,* and *Cheney & Hutcheson,* for respondents.

HUNTER, J.—This is a consolidated action to recover damages for personal injuries sustained by a guest passenger in an automobile resulting from a two-car collision. Plaintiff in both actions is Eldora Ann Miller, a minor of seventeen, by her guardian *ad litem.* In one action the defendants are the host driver and the owner of the vehicle in which she was riding. In the other the defendants are the parents of the driver of the vehicle which collided with the host vehicle. At the conclusion of plaintiff's case, defendants

moved for a nonsuit which was granted. In accordance therewith, the trial court entered judgment against the plaintiff, from which this appeal is taken.

■ In reviewing this ruling we are bound by the well-established rule stated in *Mutti v. Boeing Aircraft Co.*, 25 Wn. (2d) 871, 172 P. (2d) 249 (1946), and reannounced in *Sawyer v. Department of Labor & Industries*, 48 Wn. (2d) 761, 296 P. (2d) 706 (1956):

"A challenge to the sufficiency of the evidence, or a motion for nonsuit, admits the truth of the plaintiff's evidence and all inferences which reasonably can be drawn therefrom, and requires that the evidence be interpreted most strongly against the defendant, and in the light most favorable to plaintiff. In the determination of such challenge or motion, *even though the plaintiff's evidence is in some respects unfavorable to him, he is not bound by the unfavorable portion of such evidence, but is entitled to have his case submitted to the jury on the basis of the evidence which is most favorable to his contention.*" (Italics ours.)

Some of the testimony is conflicting but the evidence most favorable to the appellant is as follows:

The two-car collision occurred, at approximately one o'clock a.m. September 7, 1957, west of Yakima at the intersection of Ahtanum Road, a paved highway, and McDonald Lane. The minor, Eldora Ann Miller, was a guest riding in the front seat of the vehicle owned by defendant Whitson and driven by defendant Wayne Kelly. This vehicle was behind a truck, which was immediately preceded by the car of defendants E. A. and Marguerite Treat, driven by their minor son Dennis. All three vehicles were proceeding easterly along a straight section of Ahtanum Road toward the intersection. As Kelly was in the process of passing the truck, the Treat vehicle, without warning, turned left toward McDonald Lane across the passing lane of the Whitson car. A violent collision resulted, causing severe personal injuries to the minor guest.

The jury could have found Kelly, the driver, did not sound his horn before he passed the truck, and that he was traveling at a speed of eighty miles an hour at least "a few seconds or minutes" immediately prior to the collision.

Earlier in the evening, the occupants of the two cars, mostly teenagers, had gathered at a rural area to the west for a party where they had a bonfire, ate hot dogs and drank beer. The Miller girl had been driven to the party by a friend, arriving at about 8:30 or 9:30 p.m. Between that time and the time she left in the Whitson car, about 12:30 or 12:45 a.m., she drank three bottles of beer. Kelly, the host driver, drank three or four bottles of beer and ate three hot dogs during the four hours he was at the party. Kelly testified he was not intoxicated. The Miller girl knew he had been drinking but was of the opinion he was not intoxicated when she got in the car to leave the party. She was not aware anything was wrong with Kelly's driving until about eight-tenths of a mile before the scene of the collision when she requested that he slow down. She thought he heard her request, but Kelly testified he did not.

The only testimony about Kelly's speed of eighty miles an hour was that of Jerry Griffith, a passenger in the rear seat of the Whitson car, who stated he had leaned forward to observe the speedometer shortly before the impact.

For convenience, Eldora Ann Miller will be referred to as the appellant. Appellant contends the trial court erred in holding her guilty of contributory negligence as a matter of law and in applying the doctrine of *volenti non fit injuria*, for the sole reason that she had seen the host driver drinking intoxicating liquor before entering the automobile.

Respondents argue the court's ruling is correct and that *Taylor v. Taug*, 17 Wn. (2d) 533, 136 P. (2d) 176 (1943), is controlling in the disposition of this issue. In that case the host was sued for injuries sustained by a minor guest. The guest knew, upon entering the car, that her host had been drinking. We said:

" . . . The only purpose of the consideration of the question of protest was whether or not the evidence showed that the guest was guilty of contributory negligence in riding with a reckless driver.

" . . .

" . . . That the drinking of intoxicating liquor effectually destroys the faculties essential to safe driving, is of such common knowledge that no one with sense *will submit*

*to the peril of riding with a driver who has recently con-*
*sumed liquor. Anyone who submits to that peril assumes*
*the risk attendant upon the journey and is guilty of con-*
*tributory negligence which precludes recovery.* . . .

"  .   .   .

"  .   .   . This accident was simply the aftermath of a
drinking party and, while appellant did not drink intoxi-
cating liquor, she certainly knew that liquor was being con-
sumed by the driver and others in his company.

"We hold that appellant assumed the risk attendant upon
the journey, and that she was guilty of contributory negli-
gence.   .   .   ." (Italics ours.)

The appellant contends this was *obiter dictum* and was
not necessary to the determination of the case. We agree.
We so stated in *Traverso v. Pupo,* 51 Wn. (2d) 149, 316 P.
(2d) 462 (1957):

"Appellant contends that, assuming that a business rela-
tionship was proved, nevertheless the respondent was guilty
of contributory negligence when she voluntarily rode in
appellant's automobile, with knowledge that he had recently
consumed intoxicating liquor. In support of this contention,
appellant cites *Taylor v. Taug,* 17 Wn. (2d) 533, 136 P. (2d)
176 (1943). In the *Taylor* case, the statutory *host-guest*
relationship was found to have existed at the time the guest
entered the automobile and to have continued to the end
of the trip. We held, in that case, that the guest was pre-
cluded from recovery, since there was no showing of in-
tentional injury. Although there was reference to the use
of intoxicating liquor by the driver of the automobile, such
conduct on the part of the driver was not essential to the
court's determination of liability, under the statute there
in question. The cited case does not support appellant's
contention."

Moreover, had the court found an intentional injury by the
host driver in the *Taylor* case, contributory negligence
could not have been asserted as a defense. Thus, the state-
ment in *Taylor v. Taug,* in regard to the guest's contributory
negligence was clearly unnecessary to the decision, and
cannot be cited as a rule of law in this state.

In the recent case of *White v. Peters,* 52 Wn. (2d) 824,
329 P. (2d) 471 (1958), we recognized that the consumption
of intoxicating liquor by a driver does not necessarily es-

tablish his being under the influence of intoxicating liquor. We stated:

"There is no evidence in this case that plaintiff White was affected in any way by the two drinks, and no evidence of conduct or appearance, from which a fair inference could be drawn, that he was under the influence of intoxicating liquor prior to or at the time of the accident."

In *Wolden v. Gardner*, 159 Wash. 665, 294 Pac. 574 (1930), and in *Wold v. Gardner*, 167 Wash. 191, 8 P. (2d) 975 (1932), we recognized a guest passenger's knowledge that his host driver had been drinking intoxicating liquor before entering the car did not charge the guest with knowledge that the host was under the influence of intoxicating liquor as a matter of law. In the *Wold* case, we said:

"Since it was held on the former appeal that the questions of gross negligence and independent negligence of respondent were questions of fact for the jury to determine, the very emphatic assertion of appellants that they do not state the law, but that the law is as decided in the *Wayson* case, *supra* [*Wayson v. Rainier Taxi Co.*, 136 Wash. 274, 239 Pac. 559 (1925)], that, where a passenger enters an automobile knowing the driver thereof to be intoxicated, he is guilty of independent negligence as a matter of law and the jury has no option in the matter, is defeated by the fact that respondent testified that he did not know, when they began the return journey from British Columbia on the night in question, that the driver was intoxicated, and it was not until they had left Ferndale and were driving on the Chuckanut drive that he began to notice that the driver was driving too rapidly. All the other facts given by him were as stated in the former decision herein [*Wolden v. Gardner, supra*]."

In the *Wold* case, as in the instant case, the appellant guest knew when entering the car that the host driver had been drinking. The facts referred to in the *Wold* case, as those stated in the former decision, are contained in the following quotation from *Wolden v. Gardner*:

"Appellant testified that the parties left for Blaine in the Gardner car about 8:30 o'clock, p.m., it being conceded that appellant was the guest of respondent George Gardner. The party arrived at Blaine shortly after ten o'clock, and then crossed the international boundary line into British Columbia, where a bottle of rum was purchased, from

which the members of the party regaled themselves, Mr. Gardner, according to appellant's testimony, taking two or three drinks. After about half an hour, the men returned to the American side of the line and proceeded towards home, stopping at Ferndale for about half an hour, where some further liquor was imbibed, the parties also refreshing themselves with a light lunch of sandwiches and coffee."

In both the *Wold* and *Wolden* cases, we held the issue of the guest passenger's knowledge of the intoxication of the host was a question for the jury submitted on appropriate instructions, the test being whether a reasonably prudent person, under the circumstances, should have known the driver was under the influence of intoxicating liquor.

In *Wayson v. Rainier Taxi Co.*, 136 Wash. 274, 239 Pac. 559, 45 A. L. R. 290 (1925), which respondents cite, the guest knew the driver had been drinking before entering the car and the question of the guest passenger's knowledge of the driver's intoxication was submitted to the jury.

We therefore conclude that, under the law of this state, a guest's knowledge of consumption of alcoholic beverages by his host driver does not in every case impute to the guest knowledge of the host's intoxication as a matter of law. The dictum in *Taylor v. Taug, supra,* to the contrary, is an incorrect statement of the law. This issue in the instant case should have been submitted to the jury under appropriate instructions, and the trial court erred in not so doing.

■ Respondents contend, however, that appellant's cause of action against the host is barred by the host-guest statute, RCW 46.08.080, since, to avoid her own contributory negligence, she has taken the inconsistent position that the host was not intoxicated; and that intoxication could not, therefore, be a proximate cause of the accident, as required to avoid the operation of the statute. We disagree. The jury could find from all the evidence that Kelly's reckless conduct in the operation of the Whitson car, driving the vehicle at a speed of eighty miles an hour at night, and commencing to pass another car at that speed at an intersection without sounding his horn, was a result of his drinking, which was a proximate cause of the collision. At the

same time, the jury could find the appellant at the time she entered the Whitson car, as a reasonably prudent person, would not have known her host was intoxicated.

However, in order for the appellant to avoid the bar of the host-guest statute on the ground that the accident was a result of her host's intoxication, proof of this ground must be corroborated by evidence independent of, or in addition to, the testimony of parties to the action. RCW 46.08.080 states:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, *and unless* the *proof of the cause of action is corroborated by* competent evidence or *testimony independent of, or in addition to, the testimony of the parties to the action*: *Provided*, That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser." (Italics ours.)

■■ It is clear from our examination of the record there is insufficient independent evidence to show that Kelly's driving was affected by drinking intoxicating liquor, without the evidence that he was driving at the speed of eighty miles an hour, as testified to by Jerry Griffith. The record discloses that Griffith was a party plaintiff in an action originally consolidated with the instant action for trial, but that prior to the taking of any testimony he was granted a voluntary nonsuit, and subsequently filed an independent action against the host. Respondents contend that Griffith's testimony was not independent evidence since he was a party to this action, within the meaning of RCW 46.08.080. We disagree. The host-guest statute is in derogation of the common law and, therefore, must be strictly construed. The statute is clear and unambiguous. It specifically states the evidence must be independent of, or in addition to that of the *parties to the action*. Griffith was not a party to the action in the instant case. He was a

former party. Under the statute, therefore, his testimony constituted evidence in addition to that of the parties to the action. To hold otherwise would require reading into the statute language which is not there.

The appellant contends the record discloses gross negligence of the host driver Kelly, which is a second ground for avoiding the bar of the host-guest statute. We disagree. We have said that gross negligence is the want of slight care. *Pitschman v. Oman*, 177 Wash. 55, 30 P. (2d) 945 (1934). In the instant case it is undisputed that the host driver was in the proper lane for passing, which was clear ahead, prior to the illegal left turn by Treat. We believe this amounts to sufficient care by the host driver to avoid a jury's finding of gross negligence.

■ Appellant contends the trial court erred in permitting respondents A. E. and Marguerite Treat, owners of the other car in the collision, to invoke the maxim *volenti non fit injuria* as a defense. We agree. This would constitute imputing the negligence of the host driver to the guest. The rule announced in *Smith v. Harris*, 41 Wn. (2d) 291, 248 P. (2d) 551 (1952) is controlling here. There we said:

"In defendant's first assignment of error, he contends that the trial court should have given a requested instruction to the effect that the plaintiff assumed the risk of injury by entering the car of one she knew had been drinking intoxicating liquor. He relies upon *Taylor v. Taug*, 17 Wn. (2d) 533, 136 P. (2d) 176. That case is one in which a guest sued the driver of a car in which she was riding. The citation is not in point. The plaintiff here is not suing her own driver for his negligence, if any, she is suing a third party on account of his own wrongful left turn.

"The defendant does not contend that he was not guilty of negligence in making a left turn as he did. He really seeks to have us impose the rule of imputed negligence, rather than that of assumption of risk, upon the plaintiff. This is not a case in which the rule of imputed negligence applies, because the necessary element of *respondeat superior* is lacking. *Bauer v. Tougaw*, 128 Wash. 654, 224 Pac. 20; *Shirley v. American Automobile Ins. Co.*, 163 Wash. 136, 300 Pac. 155; and *Graves v. Mickel*, 176 Wash. 329, 29 P. (2d) 405."

Also, see *Winston v. Bacon*, 8 Wn. (2d) 216, 111 P. (2d) 764 (1941); *Allen v. Walla Walla Valley R. Co.*, 96 Wash. 397, 165 Pac. 99 (1917); *Dodge v. Salinger*, 126 Wash. 237, 217 Pac. 1014 (1923).

The duty of a guest to a third party, such as the driver of the Treat's car, is correctly stated in *Bauer v. Tougaw*, 128 Wash. 654, 224 Pac. 20 (1924), wherein we said:

"The rule applicable to this situation is that if the plaintiff, in the exercise of due and ordinary care, such as would be exercised by a reasonably prudent and cautious man, saw, or should have seen, that the driver of the car was conducting himself in a negligent manner, and if, under those circumstances, in the exercise of due and ordinary care, a reasonably prudent and cautious man would have warned or cautioned or attempted to persuade the driver from his reckless conduct and drive his car in a careful and prudent manner, and failed to give such warning or caution or to make such attempt, and such failure caused or contributed to the collision, then the passenger would be guilty of contributory negligence which would bar his recovery."

This rule has since been followed by this court in *Wold v. Gardner, supra; Graves v. Mickel, supra; Meath v. Northern Pac. R. Co.*, 179 Wash. 177, 36 P. (2d) 533 (1934); *Boyle v. Lewis*, 30 Wn. (2d) 665, 193 P. (2d) 332 (1948); *Rutherford v. Deur*, 46 Wn. (2d) 435, 282 P. (2d) 281 (1955).

The judgment of the trial court granting the motion of the respondents for dismissal of the action is reversed, and the cause is remanded for a new trial.

FINLEY, ROSELLINI, and OTT, JJ., concur.

WEAVER, C. J., HILL, and DONWORTH, JJ., concur in the result.

FOSTER, J. (concurring in the result)—While I concur in the result of the court's decision, nevertheless, I cannot agree to the judicial definition of gross negligence, a term which the legislature itself did not define.

The reasons are stated by Dean Prosser in the following paragraph:

"Although the idea of 'degrees of negligence' has not been without its advocates, it has been condemned by most writers, and rejected at common law by the great majority

of the courts, as a distinction 'vague and impracticable in its nature, unfounded in principle,' which adds only difficulty and confusion to the already nebulous and uncertain standards which must be given to the jury. The prevailing view is that there are no 'degrees' of care or negligence, as a matter of law; there are only different amounts of care as a matter of fact; and 'gross' negligence is merely the same thing as ordinary negligence, 'with the addition,' as Baron Rolfe once put it, 'of a vituperative epithet.' " Prosser on Torts (2d ed.), chapter 5, § 33, 147, 149.

MALLERY, J. (dissenting) — The majority opinion holds that the statute in question has the extraordinary effect of classifying one of several parties to an action as not being a party to the action providing he will take a nonsuit and file a separate action. He can then, while his action is still pending, qualify as an independent witness in the original suit. The other party or parties in the original action can then testify as independent witnesses in his new action. A multiplicity of suits would thus operate to qualify all of the parties as being the kind of independent witnesses contemplated by the statute.

The appellant failed to produce the independent corroboration required by the statute, the judgment should be affirmed.

I dissent.