[No. 35539. *En Banc.* January 4, 1962.]

EDWARD J. CROWLEY, *as Administrator, Appellant,* v. RODNEY BARTO *et al., Respondents.*\*

\*Reported in 367 P. (2d) 828.

*Thomas Malott*, for appellant.

*H. Earl Davis*, for respondents.

DONWORTH, J.—This appeal concerns a wrongful death action brought by Edward J. Crowley (appellant) as administrator *de bonis non* of the estate of Violet N. Mullen, the deceased, against Rodney and Barbara Barto (respondents) to recover the sum of twenty-six thousand dollars. Mrs. Mullen died as the result of injuries sustained in an automobile collision which occurred in Spokane on November 21, 1958.

The action was brought originally by James J. Mullen, the surviving spouse of the deceased, but he died during the pendency of this lawsuit, and appellant was thereafter substituted as plaintiff.

At the time of the collision which caused the death of Mrs. Mullen, she was a guest passenger in an automobile owned by respondents, which was then being operated by Mrs. Barto. The other facts surrounding the accident are not pertinent to the disposition of this appeal. It should be noted, however, that there was conflicting testimony as to the events immediately preceding the impact.

The case was tried to a jury, which returned a verdict in favor of respondents. After the return of the verdict, appellant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. Both motions were denied by the trial court, which then entered a judgment of dismissal, from which appellant appeals.

The appeal is grounded entirely upon an alleged erroneous instruction given by the trial court. The instruction (No. 11) concerns the definition of gross negligence. It began by quoting provisions of RCW 46.08.080 (the host-guest statute then in effect), set forth below. It further informed the jury as follows:

"In this case the plaintiff is bringing this action on behalf of the Estate of Violet N. Mullen, who was a guest in the

defendants' automobile. Accordingly, for plaintiff to recover damages from the defendants for injuries, if any, sustained by reason of the collision here in question, plaintiff has the burden of proving by a preponderance of the evidence that the collision proximately resulted from acts of gross negligence by the defendant driver in the operation of her automobile, and that plaintiff's damages also proximately resulted therefrom.

*"The term 'gross negligence' as applied to this case means an utter disregard in the operation of a motor vehicle by the host driver for the safety of a guest passenger.* It is the failure of the host driver to use slight care for the safety of the guest passenger." (Italics ours.)

Appellant excepted to, and assigns as error, only the italicized portion of the above-quoted instruction.

His specific objection is that the instruction erroneously attempted to define the term "gross negligence" as used in RCW 46.08.080. This statute provides that:

"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided*, That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser."

Both appellant and respondents agree that RCW 46.08.080 governs the rights and liabilities of the parties herein, and, to reiterate, the sole question to be resolved by this appeal concerns the trial court's interpretation of the term "gross negligence" as it is embodied in the statute.

A brief history of host-guest litigation in this state may be helpful in interpreting the term "gross negligence" as used in the statute.

Prior to 1933, there was no statute relating to this type of litigation. During this period, this court had consistently held that in this setting a host was liable to his guest only

for acts of gross negligence. See *Shea v. Olson*, 185 Wash. 143, 53 P. (2d) 615, 111 A. L. R. 998 (1936), and particularly our prior decisions cited on pages 148 and 149. In these cases, this court had defined gross negligence as the want or absence of slight care.

In 1933, the legislature enacted the first statute on this subject. Laws of 1933, chapter 18, consisted of two sections, reading as follows:

"Section 1. No person transported by the owner or operator of a motor vehicle as an invited guest or licensee without payment for such transportation shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator.

"Sec. 2. This act shall not relieve any owner or operator of a motor vehicle from liability while the same is being demonstrated to a prospective purchaser."

The verbatim language of these sections was used in 1937 as part of the Washington Motor Vehicle Act (Laws of 1937, chapter 189, § 152), which remained in effect until 1957.[1] During this twenty-four-year period (1933 to 1957), the present controversial term "gross negligence" was eliminated by the legislature from host-guest litigation.

In 1957, RCW 46.08.080 (quoted above) was enacted by the legislature, and these two words (which had originally been injected into this type of litigation by this court as a part of the common law) were again prescribed (this time as a legislative standard) for the maintenance of actions by guests against their hosts.

In view of this historical background, we think that it is reasonable to hold that the intent of the legislature, when it inserted these two words in the statute in 1957, was that they were to be accorded the same meaning as this court had given them prior to 1933. As indicated above, that meaning was the want or absence of slight care.

---

[1] *Becket v. Hutchinson*, 49 Wn. (2d) 888, 308 P. (2d) 235, 64 A. L. R. (2d) 691 (1957), holds that the 1937 act did not repeal the 1933 act. The latter, therefore, is still applicable in situations not covered by the motor vehicle code.

Prior to 1957 (the date of the last amendment to RCW 46.08.080), the Washington host-guest statute denied recovery to an injured guest passenger unless he could establish that the "accident" had been "intentional" on the part of the driver-host. Laws of 1937, chapter 189, § 121. Originally, the statute contained no provision for recovery where the accident was the result of the host's gross negligence. Host-guest cases which concerned accidents occurring between 1933 and 1957 were limited to the single issue of whether the accident was intentional, and our decisions in such cases are, therefore, not pertinent to the case at bar.

We now consider appellant's principal assignment of error which relates to a portion of instruction No. 11 given by the trial court.

The position taken by appellant that this instruction contained reversible error is stated in his brief as follows:

"Unfettered by the first sentence of the last paragraph of instruction No. 11, the court made a correct statement in defining gross negligence as follows:

" 'It is the failure of the host driver to use slight care for the safety of the guest passenger.'
This was part of plaintiff's proposed instruction No. 5 . . . and was taken verbatim from *Wold v. Gardner*, 167 Wash. 191, at p. 193, 8 P. (2d) 975. The trial court, however, gratuitously added the following:

" 'The term "gross negligence" as applied to this case means an utter disregard in the operation of a motor vehicle by the host driver for the safety of a guest passenger.'
By so doing it compelled plaintiff to prove not merely non-action or an omission to do something but, in addition, it became incumbent upon plaintiff to prove that the defendants committed an 'utter disregard . . . for the safety of . . .' decedent.

"The noun 'disregard' connotes more than an oversight, more than mere negligence. It involves wilful or intentional negligence. The word is thus defined by Webster:

" 'Disregard n. Act of disregarding, or state of being disregarded; esp. *intentional neglect*, slight.' (Italics ours)
—Webster's New International Dictionary (2d Ed.), p. 753.

The court instructed the jury, in substance, that not only must absence or want of regard be shown, but that positive disregard must be demonstrated. . . ."

Thus, the issue presented is whether the inclusion of the "utter disregard" sentence (quoted above) defining "gross negligence" was prejudicially erroneous.

As pointed out above, we think that the legislature intended the words gross negligence to mean what this court (prior to the enactment of the host-guest statute) had many times declared them to mean, to wit, the want of even slight care. See *Wolden v. Gardner*, 159 Wash. 665, 294 Pac. 574 (1930); *Craig v. McAtee*, 160 Wash. 337, 295 Pac. 146 (1931); *Shea v. Olson, supra*, and cases cited therein.

This court adhered to that definition in interpreting the present statute in *Miller v. Treat*, 57 Wn. (2d) 524, 358 P. (2d) 143 (1960).

The trial court included this definition in instruction No. 11, but preceded it by the sentence to which appellant excepted, reading:

"The term 'gross negligence' as applied to this case means an utter disregard in the operation of a motor vehicle by the host driver for the safety of a guest passenger."

The effect of the quoted sentence was to inject an additional and entirely different criterion by which the jury was to measure the host's duty to his guest, to wit, an utter disregard for the guest's safety in the operation of the motor vehicle. In our opinion, the jury was thus given two inconsistent standards by which to determine whether the respondent driver was or was not guilty of gross negligence under RCW 46.08.080.

The want of slight care test applies to the field of negligence, whereas the utter disregard for the guest's safety test is applied to wanton misconduct, which is in no way connected with negligence. The difference between negligence and wanton misconduct is thoroughly explained in *Adkisson v. Seattle*, 42 Wn. (2d) 676, 258 P. (2d) 461 (1953).

Respondents argue that these two tests are obviously

synonymous, but, for the reasons stated above, we do not agree.

In support of their position, respondents quote from a concurring opinion in *Burghardt v. Olson*, 223 Ore. 155, 349 P. (2d) 792 (1960), stating that without the host-guest statute the host would be liable for ordinary negligence. This is, of course, true, but in this state we have precedents established by our cases (which were decided prior to the 1933 statute) which hold that gross negligence is the want of slight care. The jury should have been so instructed in this case.

In our opinion, instruction No. 11 was erroneous in that it included two tests as a basis for recovery, and thus could have confused the jury in determining the issue of respondents' liability under the statute.

Because of this error the judgment of dismissal is reversed and the cause is remanded with directions to grant appellant a new trial to be conducted consistently with the views expressed herein.

FINLEY, C. J., HILL, WEAVER, ROSELLINI, FOSTER, and HUNTER, JJ., concur.

MALLERY, J. (dissenting)—Gross negligence is defined in Webster's New International dictionary (2d ed.) as follows:

" . . . *Negligence* is substantially equivalent to *culpa* (which see) of the Roman and Civil law. It is often divided into three degrees, slight, ordinary, and gross, or crass, negligence, corresponding respectively to (1) absence of such care as would be exercised by an extraordinarily prudent person, (2) by a person of ordinary prudence, and (3) by a person who is *wantonly* neglectful of the consequences of his acts, or shows little or *no regard* for their effect upon the rights of others. . . . " (Italics mine.)

The majority opinion holds that it was reversible error to instruct the jury in a precise paraphrase of this definition, which accurately defined gross negligence of a host as "an utter disregard . . . for the safety of a guest, . . ."

It would be excessively critical for one purporting to

follow the dictionary to say that *utter*, as used in the instruction, is prejudicially stronger than *wanton*, as used in the dictionary, or that *disregard*, in the instruction, is at variance with *no regard*, in the dictionary.

However, the majority do not quarrel with the meaning of the dictionary definition, it simply imposes a definition of its own at variance with it. I cannot agree with this practice.

The legislature, whose language is being interpreted, in common with cultured people everywhere, intends its words to have their common and accepted meaning as they are authoritatively defined in standard dictionaries. When some different meaning is intended, legislatures invariably specifically define the terms in question.

In holding that the use of the dictionary definition in an instruction is reversible error, the majority opinion relies upon the legal fiction that the legislature intended its words to mean what the court, rather than what the dictionary, says they do.

The majority opinion, in adopting a definition at variance with universal usage, holds that gross negligence means " . . . the failure . . . to use slight care . . ."

If there were no degrees in the antonyms *care* and *negligence*, it would be possible to define one as being the absence of the other. Failure to use care would be negligence. But, there *are* degrees of both of these antonyms. Highest degree of care, ordinary care, slight care, slight negligence, ordinary negligence, and gross negligence in that sequence encompass the full gamut of human conduct in a graduated scale of distinct degrees. Conduct excluded from one degree does not necessarily fall in any other single degree. Failure to use slight care, therefore, cannot be equated with gross negligence, because it is as logical for the want of slight care to indicate *ordinary negligence* as it is to indicate *gross negligence*. In other words, one who is gulity of *ordinary negligence* has failed to use *slight care*, and it is equally true that one who is guilty of *gross negligence* has also failed to use *slight care*.

The majority holding that the want of slight care (which can be merely ordinary negligence) will support an action of a guest against his host has the effect of repealing the *gross negligence* requirement of the host-guest statute.

I dissent.

OTT, J., concurs with MALLERY, J.