[No. 35269. Department One. September 22, 1960.]

EMMA DOROTHY BELL, as *Executrix, Appellant,* v. GEORGE D. BENNETT, SR. *et al., Respondents.*
EMMA DOROTHY BELL, *Appellant,* v. GEORGE D. BENNETT, SR. *et al., Respondents.*[1]

[1]Reported in 355 P. (2d) 331.

*Earl A. Phillips* and *Chester A. Lesh,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondents.

HUNTER, J.—This is an appeal from judgments entered in two consolidated actions, arising out of an automobile collision. In one action, plaintiff Emma Dorothy Bell, as executrix of the estate of her deceased husband, Thomas Bell, sues the defendants for the wrongful death of her husband; in the other action, the plaintiff sues individually for her personal injuries.

The collision occurred seventy feet south of the "T" intersection of Hudson street and Empire Way in Seattle, on September 21, 1957, at approximately 3:15 in the afternoon. The car, owned by defendants George D. Bennett, Sr., and his wife, was being driven by their eighteen-year-old son, who will be referred to as the sole defendant. He was driving in a southerly direction on the westerly outside lane of Empire Way, at the time of the collision. Mrs. Bell was in the front seat of the automobile being driven by her husband, now deceased, proceeding in a westerly direction on Hudson street. The car stopped at the intersection before entering Empire Way. Both the plaintiff and the decedent looked to the left and to the right. The plaintiff observed the defendant's car just north of Ferdinand street, one block away. There was no other traffic moving in either direction. Mr. Bell proceeded into the intersection and made a sweeping left turn in a continuous arc, proceeding out of the intersection across the westerly inside lane of Empire Way into the outside lane, where defend-

ant's car struck the right rear fender of Mr. Bell's automobile. Mr. Bell was killed and Mrs. Bell sustained personal injuries. The testimony as to the speed of defendant's car ranged from thirty to fifty miles per hour. The speed limit on Empire Way was thirty miles per hour.

At the conclusion of a jury trial, a verdict was returned for the defendants and judgment was entered thereon. Plaintiff appeals.

■ Appellant assigns error to the failure of the court to give the following proposed instruction No. 2, thereby denying her the right to present, to the jury, her theory that a disfavored driver may enter the intersection where there is a reasonable margin of safety:

"You are instructed that the operator of vehicles upon the public highways of this state have a right to assume and expect that other operators of vehicles upon such highways drive with reasonable care and will obey the laws and rules of the road, until in the exercise of ordinary care it becomes evident that they are not doing so. In this case if you find that at the time Thomas Bell, now deceased, drove his car into Empire Way from Hudson Street there was no car approaching from the right in close enough proximity to lead an ordinarily prudent person to believe that there was not sufficient time for him to enter said highway, he had a right to assume that any car approaching was being driven at a reasonable and legal rate of speed and that its driver would maintain a reasonable lookout ahead and have it under reasonable control and to rely upon that assumption until he could, in the exercise of ordinary care, determine that it was approaching him at an unlawful rate of speed, if you find that it was doing so."

This instruction does not encompass the necessary element in the reasonable margin of safety rule, that the disfavored driver must have been deceived by the actions of the favored driver in the operation of his vehicle. *Smith v. Laughlin*, 51 Wn. (2d) 740, 321 P. (2d) 907 (1958). The appellant, therefore, would not have been entitled to argue, to the jury, the reasonable margin of safety theory under her instruction had it been given.

Essentially the same instruction was given in *Peerless Food Products Co. v. Barrows,* 49 Wn. (2d) 879, 307 P. (2d)

882 (1957), upon which appellant relies. We made this observation in that case:

". . . we think that instruction No. 8 is a proper statement of the law. In other words, every driver has the right to assume, until he knows or should know to the contrary, that other users of the highway will obey the traffic laws and rules of the road."

The appellant's proposed instruction No. 2 is no broader and states no more than we said the instruction stated in the *Peerless* case. This statement of the law was adequately covered by the court's instructions Nos. 8, 9 and 19. The appellant was therefore afforded the opportunity to argue her theory of the case as contained in her proposed instruction.

■ The appellant assigns error to the court giving instruction No. 11, which states:

"You are instructed that it was the duty of the plaintiff before entering upon the arterial highway to see and observe all traffic upon said arterial highway and to determine the speed at which cars on the arterial highway were traveling, if by the exercise of ordinary care, he could have reasonably done so.

"You are instructed if you find from the evidence that the plaintiff driver knew or by the exercise of ordinary care should have known the plaintiff's [defendant's interlined in pencil] car was traveling at a fast rate of speed, if it was so traveling, then in such event his duty to look out for and give right of way to the automobile traveling on the arterial was intensified rather than diminished."

The objections to the instruction are (1) in the use of the words "intensified rather than diminished," and (2) that it charges that the responsibility of the driver increased as he crossed the intersection.

A similar instruction was given in *Saad v. Langworthy*, 153 Wash. 598, 280 Pac. 74 (1929), which answers the first objection. There we said:

"The duty to yield would be rather intensified than diminished by the fact that the car traveling in the favored direction is seen traveling at an excessive and illegal rate of speed."

The second objection is without merit. We find no inference in the instruction that the responsibility of the driver increased as he crossed the intersection. Instruction No. 11 is a correct statement of the law.

 The appellant assigns error to the court giving instruction No. 12, for the reason that it is confusing to the jury. Instructions must be read in the light of the other instructions given. Reading the instructions in their entirety, we find no difficulty in understanding instruction No. 12, and see no reason for the jury to be confused when considering it with the other instructions given.

Appellant assigns error to the court's instruction No. 14. This assignment was not argued in appellant's brief or in oral argument, and we find it to be without merit.

Finally, the appellant assigns error to the court's instruction No. 17, relating to overtaking and passing a car on the right. The instruction quotes the statute which was relevant for the jury's consideration, under the facts of this case, and was therefore properly given.

The judgment of the trial court entered upon the verdict is affirmed.

MALLERY, DONWORTH, FINLEY, and OTT, JJ., concur.

November 3, 1960. Petition for rehearing denied.