[No. 36016.   Department Two.   November 1, 1962.]

WALTER HOGLUND et al., *Appellants*, v. WALTER J. MORGAN
et al., *Respondents*.*

*Robert C. Bibb* and *Wesley K. Duce*, for appellants.

*Anderson & Hunter*, for respondents.

HAMILTON, J.—This is an appeal from findings of fact, conclusions of law, and judgment favorable to defendants in consolidated personal injury actions, instituted by the plaintiffs under the host-guest statute. The action was tried to the court sitting without a jury.

*Reported in 375 P. (2d) 506.

A review of the testimony introduced, and the unchallenged findings of fact, indicates the following sequence of events leading up to the accident occasioning the lawsuits here involved:

On June 26, 1959, the annual Timber Bowl celebration of the city of Darrington, Washington, was in progress; the plaintiffs, George Roach and Lois Roach, his wife, and Henrick Robinson were employed by the carnival engaged for the celebration; plaintiff Walter Hoglund and defendant Walter J. Morgan were residents of Darrington, and acquainted; during the course of the evening, Hoglund and Morgan met at a tavern in Darrington and, following the closing of the carnival, were joined by the other plaintiffs at about 11 p.m.; all parties, except plaintiff Robinson, had some beer in the tavern; upon the tavern being closed at midnight, a case of beer was purchased and the parties adjourned to defendant Morgan's automobile, where a gallon jug of "white lightning" moonshine was produced and plaintiff Roach and defendant Morgan drank therefrom; the parties decided to journey to a forest camp or picnic area located some distance out of town, which they did, arriving at about 12:30 a.m.; several other people were there; a fire was built, the beer and "white lightning" made accessible, and the parties sat around talking, singing to the accompaniment of defendant Morgan's guitar, and generally socializing; all of the plaintiffs (except plaintiff Robinson) continued to drink beer at the picnic area, and plaintiff Roach and defendant Morgan also drank of the "white lightning"; at approximately 3 a.m., defendant Morgan indicated his intention of returning to Darrington, whereupon the parties got into his car and, with defendant Morgan driving, commenced the return trip; the road over which they traveled to and from the picnic area was a hard-packed gravel roadway, approximately 20 feet in width, without shoulders; a short distance from the picnic area, on a gradual curve in the road, the automobile departed the regularly traveled portion of the road, struck a stump, overturned and injured the plaintiffs.

There is conflict and uncertainty in the evidence concerning: (a) the number of glasses of beer consumed by the imbibing parties at the tavern; (b) the amount of beer and "white lightning" consumed at the picnic area; (c) the condition of plaintiffs Roach and plaintiff Hoglund preparatory to and upon the return trip; (d) the seating arrangement of the plaintiffs in the automobile on the return trip; (e) the speed of the automobile; (f) the speed at which the curve could be safely negotiated; and (g) whether another automobile was passed prior to arrival at the accident scene.

All parties concede, upon appeal, that defendant Morgan was intoxicated. There is, however, testimony that he was not visibly affected.

Plaintiff Robinson, who did not drink during the evening, testified the accident was caused by excessive speed. Defendant Morgan attributed the accident to a blowout. The other plaintiffs were asleep at the time of the accident.

The trial court found, in essence: (a) that defendant Morgan was intoxicated; (b) that he entered the curve in question at a safe speed; (c) that the proximate cause of the accident was defendant Morgan's intoxication; (d) that defendant Morgan was not grossly negligent; (e) that plaintiffs knew the condition of defendant Morgan and voluntarily rode with him. Upon the basis of these findings, the trial court dismissed plaintiffs' complaints.

Plaintiffs, by their assignments of error, challenge the trial court's refusal to find the defendant Morgan guilty of gross negligence, the finding that defendant Morgan's intoxication was the sole cause of the accident, and the finding of plaintiffs' knowledge of defendant Morgan's intoxication.

Questions of negligence, including gross negligence, proximate cause, and a passenger's knowledge of his host's intoxication ordinarily present issues of fact for determination by the trier of the facts. *Fox v. Farnsworth,* 57 Wn. (2d) 283, 356 P. (2d) 723; *Miller v. Treat,* 57 Wn. (2d) 524, 358 P. (2d) 143.

■ Where the trial court, as the trier of the facts, is confronted with substantial conflicting evidence, circumstances and inferences, we will not substitute our findings thereupon for those of the trial court. *Kaufman v. Kaufman, ante* p. 1, 371 P. (2d) 535; *Hallin v. Bode,* 58 Wn. (2d) 280, 362 P. (2d) 242.

Plaintiffs urge that because the trial court, in his oral decision, rejected the testimony of plaintiff Robinson and defendant Morgan as to causative factors, and indicated that defendant Morgan drove his car off the road "for no reason at all," a finding of gross negligence and causal relation must follow. In support of their argument, plaintiffs cite *Meath v. Northern Pac. R. Co.,* 179 Wash. 177, 36 P. (2d) 533, and *Pickering v. Stearns,* 182 Wash. 234, 46 P. (2d) 394. The cited cases stand for the proposition that, under their facts, an issue of fact, upon the question of gross negligence, was presented. They do not hold that when one drives off the road without reason a finding of gross negligence necessarily follows as a matter of law.

■ Here, the trial court, upon the evidence and circumstances presented, found that the defendant Morgan (a) entered the curve at a safe speed, and (b) ran off the road because he was intoxicated. Conceding that driving while intoxicated, and running off the road as a result thereof, presents strong evidence of gross negligence, we do not believe that, in every case, such compels a finding of gross negligence as a matter of law.

Accordingly, we will not disturb the trial court's findings in this regard.

■ Plaintiffs next urge the trial court erred in finding that plaintiffs knew, or should have known, of defendant Morgan's intoxication. This contention is based upon plaintiffs' testimony that the defendant Morgan was not overtly demonstrating his intoxication. In *Miller v. Treat, supra,* we said [p. 530]:

"In both the *Wold [Wold v. Gardner,* 167 Wash. 191, 8 P. (2d) 975] and *Wolden [Wolden v. Gardner,* 159 Wash. 665, 294 Pac. 574] cases, we held the issue of the guest passenger's knowledge of the intoxication of the host was a

question for the jury submitted on appropriate instructions, the test being whether a reasonably prudent person, under the circumstances, should have known the driver was under the influence of intoxicating liquor.

"  . . .

"We therefore conclude that, under the law of this state, a guest's knowledge of consumption of alcoholic beverages by his host driver does not in every case impute to the guest knowledge of the host's intoxication as a matter of law. . . ."

Here, the trial court had before it, the evidence of defendant Morgan's consumption of beer and "white lightning" in the presence of plaintiffs. The trial court found, as a fact, the plaintiffs knew, or should have known, of defendant Morgan's intoxication. While we do not hereby impute to the trial judge a superior knowledge of the attributes of "white lightning," we are content to rest upon his evaluation of the evidence presented to him.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.