[No. 38904.    Department Two.    June 1, 1967.]

DONALD C. WALDRON et al., *Respondents,* v. BRUCE M. HAMMOND, *Defendant,* PERCY N. ROGERS, *Appellant.*\*

*Severyns & Moffett,* by *Tyler C. Moffet,* for appellant.

*Howard V. Doherty,* for respondents.

HAMILTON, J.—This is an appeal by a tavern keeper from a judgment entered upon a jury verdict awarding damages to a patron assaulted in the tavern by another patron. The evidence, viewed in a light most favorable to respondent,[1] indicates the following factual pattern:

On April 5, 1964, plaintiff-respondent Donald C. Waldron was a paying patron of the Wagon Wheel Tavern, owned and operated by defendant-appellant Percy N. Rogers. Another patron of the tavern, defendant Bruce M. Hammond,

\*Reported in 428 P.2d 589.

[1] It is axiomatic that we must view the evidence in the light most favorable to respondent where, as here, a principal assignment or error is directed to the sufficiency of the evidence to sustain the verdict. *Frasch v. Leedom,* 62 Wn.2d 410, 383 P.2d 307 (1963); *Cook v. Robeck,* 64 Wn.2d 890, 395 P.2d 89 (1964); *Hansen v. Pauley,* 67 Wn.2d 345, 407 P.2d 811 (1965).

rowdily struck a third patron in the nose without apparent provocation. Waldron orally registered his disapproval. Hammond thereupon extended an invitation to Waldron to settle their difference of opinion over fists in the vacant lot across the street. Waldron reluctantly accepted the invitation and the men journeyed to the appointed place. Upon observing that Hammond might receive more than moral support from two friends, Waldron withdrew to the tavern where he requested the bartender to notify the police. The police and appellant Rogers were then called and informed of the situation. Although Waldron refused to sign a complaint, the police contacted Hammond and extracted a promise that he would not return to the tavern that evening nor cause further trouble. Appellant Rogers, an experienced tavern keeper and one wise in the ways of pugnacious patrons, in turn, instructed the bartender to call the police if Hammond returned while Waldron was in the tavern and to pass such instructions on to the lady bartender, Mrs. Sylvia Sommerfeld, who would be in charge during the evening. Appellant Rogers then left. Waldron remained in the tavern.

In the meantime, Hammond with some of his friends visited and indulged at other establishments, and, so the evidence indicates, discussed the prospects of "getting somebody," presumably Waldron. Shortly after 7 p.m., and after Mrs. Sommerfeld came on duty in the tavern, Hammond returned. Mrs. Sommerfeld refused him service and, instead of calling the police, undertook to engage him in pacifying conversation. At a moment when her attention was devoted to other duties, Hammond, without warning, struck Waldron knocking him from his barstool to the floor thereby inflicting severe and disabling injuries. Mrs. Sommerfeld then called the police and Hammond departed the tavern by the back door. The police arrived in minutes, an ambulance was summoned, Waldron was taken to the hospital, and Hammond was subsequently charged and convicted of disorderly conduct. This suit followed, Waldron essentially asserting that appellant Rogers was negligent in

failing to take due precautions to protect a patron from injury by another patron who appellant knew or should have known was likely to cause harm.

Against the foregoing background, appellant first challenges the sufficiency of the evidence to sustain a finding of liability on his part.

We are unable to agree with this argument.

This court, in common with courts of other jurisdictions, has accepted and adhered to the rule that the keeper of an establishment wherein intoxicating liquors are dispensed, while not an insurer of the safety of his patrons, owes the duty to his patrons to exercise reasonable care and vigilance to protect them from reasonably foreseeable injury, mistreatment or annoyance at the hands of other patrons. *Miller v. Staton,* 58 Wn.2d 879, 365 P.2d 333 (1961); *Peck v. Gerber,* 154 Ore. 126, 59 P.2d 675, 106 A.L.R. 996 (1936); *Thomas v. Bruza,* 151 Cal. App. 2d 150, 311 P.2d 128 (1957); *Slawinski v. Mocettini,* 217 Cal. App. 2d 192, 31 Cal. Rptr. 613 (1963); *Gorby v. Yeomans,* 4 Mich. App. 339, 144 N.W.2d 837 (1966); and other cases cited in Annot., 70 A.L.R.2d 628, Patron—Injury by Third Person, §§ 17, 18, commencing at 655 (1960).

Measured by the foregoing standard of duty and care, we are satisfied the evidentiary pattern outlined above fully warranted submission of the issue of appellant's liability to the jury. And, we are likewise convinced that under the evidence, the jury was entitled to find (a) that appellant, under the circumstances, knew or should have known of the likelihood that Hammond would return to the tavern and pursue his earlier evinced pugilistic inclinations toward respondent; (b) that appellant failed to exercise reasonable care by leaving the tavern in sole charge of Mrs. Sommerfeld who was either unable or unwilling to assert proper control; and (c) that appellant's failure to exercise the requisite degree of care proximately caused or concurred in causing respondent's injuries.

The trial court did not err in denying appellant's motion for a directed verdict.

Appellant next assigns error to the giving of instruction No. 7, which reads:

You are instructed that the defendant Rogers is charged by law with the duty of preventing disorderly conduct in his place of business. If you find from the evidence that he or his agents and employees knew or should have known the *possibility* of disorderly conduct, then it was his duty to exercise reasonable care, vigilance and prudence to protect his guests from injury from the disorderly acts of other guests. If you find from the evidence that the defendant Rogers or his employees, after such knowledge, if any, failed to exercise proper care, vigilance and prudence, to protect said guests from intentional injury by others, then you will find the defendant Rogers was negligent. (Italics ours.)

It is appellant's contention that the use of the word "possibility" in the challenged instruction had the effect of prejudicially overstating his duty to exercise reasonable care. In this vein he asserts the instruction virtually rendered him an insurer of respondent's safety. Furthermore, appellant contends the instruction is inconsistent with another instruction which clearly phrased the foreseeability of injury in terms of "probability," thus tending to confuse and mislead the jury.

Again we are unable to concur in appellant's contention.

[2] We can neither commend nor recommend the use of the word "possibility" in the questioned instruction. Standing alone, the instruction as worded could become the source of reversible error. However, as we pointed out in *Miller v. Staton, supra,* at 884, in passing upon an analogous claim of instructional error:

Instructions may not be singled out without reference to the other instructions. *Lozan v. Fraternal Order of Eagles, Aerie No. 3,* 53 Wn. (2d) 547, 335 P. (2d) 4 (1959). Instructions must be read in the light of the other instructions given. *Bell v. Bennett,* 56 Wn. (2d) 780, 355 P. (2d) 331 (1960).

Reading the challenged instruction, then, in context with the other instructions given, including not only the one alluded to by appellant but also one specifically admonishing

the jury that appellant was not an insurer of the safety of his patrons, convinces us that the unfortunate phrasing of the instruction is not as devastating or misleading as appellant would have us believe. At best it is but a harmless error. This conclusion is further buttressed, we believe, by the fact that in his testimony before the jury appellant tacitly admitted that, under the circumstances known to him on the evening in question, his experience in the tavern business lead him to anticipate that Hammond might well return to the inn and renew his quarrel with Waldron.

The judgment is affirmed.

FINLEY, C. J., DONWORTH and HUNTER, JJ., and DENNEY, J. Pro Tem., concur.