[No. 124-40820-3.   Division Three.   March 26, 1970.]

DOUGLAS KIRK, *Respondent*, v. RUDOLPH ALLEMANN et al.,
*Appellants.*

*George C. Butler* (of *Butler & Heye*), for appellants.

*Hugh B. Horton* (of *Horton, Wilkins & Horton*), for respondent.

GREEN, J.—Plaintiff, Douglas Kirk, a building contractor, brought this action to foreclose a labor and materialmen's lien and recover $7,189.65, the balance owing on a contract entered into with defendants, Rudolph and Mary Ann Allemann, for construction of a home. Defendants denied the claim and alleged as a seperate defense that the construction was defective in many particulars and the work not completed in accordance with the contract. Defendants made a tender of $6,000 on the condition the liens be released and this action be dismissed without costs. The trial

court, sitting without a jury, found in favor of plaintiff. Defendants appeal.

At the close of the evidence, both parties requested the trial judge to visit the premises. He viewed the premises in the presence of all the parties and their attorneys. Thereafter, he rendered a memorandum opinion ordering a reduction of the contract balance by the amount of $500 on defendants' separate defense. Judgment was entered for plaintiff in the sum of $6,689.65, together with interest from June 1, 1967, sales tax differential, attorneys' fees and statutory costs and disbursements.

■ This case involves a factual dispute. On this appeal defendants reargue the facts. We have carefully reviewed all of the record and conclude that the findings of the trial court are amply sustained by the evidence. Even if we were of the opinion that the trial court should have resolved the factual issues the other way, the constitution does not authorize this court to substitute its findings for those of the trial court. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

■ Defendants contend the trial court made its own investigation at the time of the view and improperly used the view as new and independent evidence. Our Supreme Court has said:

> The trial judge may view the premises for the purpose of clarifying and harmonizing testimony. In other words, his view of the premises is to aid him in his understanding of the evidence introduced in the case. *In re Schmitz,* 44 Wn. (2d) 429, 433, 268 P. (2d) 436 (1954); *Booten v. Peterson,* 47 Wn. (2d) 565, 569, 288 P. (2d) 1084 (1955); *In re Seattle,* 49 Wn. (2d) 247, 253, 299 P. (2d) 843 (1956).

> In this jurisdiction, the trial judge cannot view the premises for the purpose of proving some *res gestae* fact not in evidence, nor may he view the premises for the purpose of searching for extrinsic evidence to be applied in corroborating or discrediting the testimony of a witness. If he does so, and his judgment is based thereon, it is reversible error. *Elston v. McGlauflin,* 79 Wash. 355, 140 Pac. 396 (1914).

*Christensen v. Gensman,* 53 Wn.2d 313, 318, 333 P.2d 658 (1958). It is evident from an examination of the trial judge's entire memorandum opinion that during the view of the premises the alleged defects were pointed out to him. In light of what he saw, he evaluated the testimony presented by both parties. We are unable to conclude that the trial judge did anything other than to properly employ the view to clarify and harmonize the evidence.

■ Next, defendants claim the trial court erred in allowing attorneys' fees, interest, costs and sales tax differential. We disagree. Defendants' tender was never for the full balance of the contract price plus sales tax, the amount claimed due, or the amount adjudged due. Further, the tender was conditioned upon a complete release of all claims and dismissal of this action. For these reasons, the tender was conditional. As a result, defendants failed to make such tender as would foreclose allowance of attorneys' fees, interest, costs, or sales tax differential. *American Sheet Metal Works, Inc. v. Haynes,* 67 Wn.2d 153, 407 P.2d 429 (1965).

At the time the contract in question was executed, the Washington State sales tax was 4.2 per cent. On July 1, 1967, the tax was increased to 4.5 per cent. RCW 82.08.020. Defendant raises a question as to the interpretation of the court's judgment with respect to the increased sales tax. It seems clear under the facts of this case that the defendants should be required to pay sales tax at the rate of 4.2 per cent on the payments made prior to July 1, 1967, totaling $24,000; defendants should pay sales tax at the rate of 4.5 per cent on the sum of $5,448.05, being the adjusted contract principal balance. (Initial contract price: $29,562 plus charges and extras of $386.05, for a total contract price of $29,948.05 less payments of $24,000 and the $500 credit allowed by the court for a net adjusted principal balance of $5,448.05.) To the extent the parties construe the judgment to the contrary, the judgment is modified in accordance with this opinion.

Judgment affirmed except as herein provided.

Evans, C. J., and Munson, J., concur.