[No. 161-1.   Division One—Panel 1.   April 26, 1971.]

JOHN GRACE, *Respondent*, v. QUENTIN K. EDDS *et al., Defendants*, JAMES HILL, *Appellant*.

*Murray, Dunham & Waitt,* and *Carl T. Hultman,* for appellant.

*Lynch & Lynch* and *John S. Lynch,* for respondent.

WILLIAMS, J.—Respondent, John Grace, was injured when the car in which he was riding as a guest and which was being driven by appellant, James Hill, struck the last of a line of automobiles which had halted on Interstate Highway 5 near the Nisqually Bridge in Pierce County. Respondent's action for the injury was dismissed at the conclusion of his case because the trial court believed that there was insufficient evidence to go to the jury on the issue of gross negligence as required by the host-guest statute, RCW 46.08.080. Respondent's motion for a new trial was subsequently granted by the trial court, the reason assigned being that it had committed an error at law in its assessment of the evidence required to take the case to the jury on the issue of gross negligence.

Taking the facts and reasonable inferences therefrom most favorable to the respondent, as we must, it appears that the parties were traveling east in the inside lane of the 4-lane highway, crossing the Nisqually Bridge. There was heavy traffic in both lanes. The car in front of that driven by appellant was halted on the highway or was moving slowly forward when it was struck from behind by appellant's vehicle which was traveling about 40 miles per hour. The speed limit was 60 miles per hour. Appellant's brake lights did not signal or, if they did, it was at the instant of impact. It was dusk and the weather was clear.

The duty required of appellant by the statute for the protection of respondent is that he not be grossly negligent. Gross negligence has been defined as the want of slight care or the failure to exercise slight care. The application of these definitions has been difficult. *Nist v. Tudor*, 67 Wn.2d 322, 407 P.2d 798 (1965); 41 Wash. L. Rev. 591 (1966). The Washington Supreme Court in *Nist* characterized gross negligence as meaning "gross or great negligence, that is, negligence substantially and appreciably greater than ordinary negligence." The court then said "[i]ts correlative, failure to exercise slight care, means not the total absence of care but care substantially or appreciably less than the quantum of care inhering in ordinary

negligence." The court also stated that "there can be no issue of gross negligence unless there is substantial evidence of serious negligence," and that gross negligence means "great negligence, negligence substantially or appreciably greater than ordinary negligence." In *O'Connell v. Scott Paper Co.*, 77 Wn.2d 186, 460 P.2d 282 (1969) the court held that there must be "sufficient direct or inferred evidence to support a jury finding of negligence substantially and appreciably greater than ordinary negligence." As so defined, gross negligence generally presents an issue of fact under the circumstances unless one conclusion only can be drawn from the facts presented. *Hansen v. Pauley*, 67 Wn.2d 345, 407 P.2d 811 (1965).

Under the circumstances of this case, we believe the jury could have justifiably found that the collision was avoidable by the exercise of slight care on appellant's part. The only activities asked of appellant were that he look to the front and upon seeing an object in his path, put on his brakes. A jury could reasonably find that he did neither. There was, therefore, evidence of failure to use slight care which the jury should have been permitted to consider.

The grant of a new trial is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.