[No. 574-2.   Division Two.   May 25, 1972.]

ALFRED G. HENDERSON, *Appellant,* v. BRUCE BOBST *et al., Respondents.*

*William H. Dunn,* for appellant.

*Brian H. Wolfe* (of *Jones, Read & Church*), for respondents.

PEARSON, J.—This case involves cross actions for property damage arising from a collision of two automobiles at an uncontrolled intersection in Vancouver, Washington. The trial court, sitting without a jury, dismissed both actions, finding that the negligence of both drivers contributed to cause the collision.

The plaintiff, Alfred G. Henderson (the favored driver), appeals the dismissal, contending that there was no evidence or reasonable inference from the evidence from which the trial court could find and conclude that he was guilty of contributory negligence.

The accident occurred where "Z" Street ends, as it intersects with East 5th Street. Plaintiff was proceeding south on Z Street, which is a gravel roadway resembling a driveway. Defendant, Bruce Bobst, was proceeding in a westerly direction on 5th Street, which is a paved thoroughfare. There were no traffic control devices at the intersection. Photographs depicting the intersection area show that the view of each driver was obstructed from the other by bushes and vines. However, the extent of the obstruction, as well as the distance the view was obscured, was not clear, either from the photographs or from the testimony. Plaintiff testified: "And as I turned to my left, there is an obstructed view to a degree, . . ." The trial court viewed the scene of the accident and ascertained that the view was not obstructed as the vehicles approached the intersection.

The trial court found that even though plaintiff was the favored driver and entitled to the right-of-way by virtue of

RCW 46.61.180, he was guilty of contributory negligence for failing to keep a proper lookout and proceeding into the intersection without sufficient caution.

In our view, the finding was supported by substantial evidence. Plaintiff knew that he was proceeding on a gravel roadway which formed a T intersection with an improved thoroughfare. His view was partially obstructed. Had he looked prior to arriving at the intersection, defendant's approaching vehicle would have been visible. By plaintiff's testimony, he looked only as he entered the intersection and commenced his left turn.

It is axiomatic that the right-of-way granted by the statute is relative and that the duty of avoiding collisions at uncontrolled intersections rests upon both drivers. Under the circumstances of this case, reasonable minds could differ as to whether plaintiff's failure to look was a proximate cause of the collision. *Kelsey v. Pollock*, 59 Wn.2d 796, 370 P.2d 598 (1962).

█ Plaintiff's contention that the favored driver is under no duty to keep a lookout to his left is not well taken. While the primary duty rests with the disfavored driver, the favored driver has a duty to exercise reasonable care for his own safety, which includes the duty to look out for approaching traffic. *See Owens v. Kuro*, 56 Wn.2d 564, 354 P.2d 696 (1960); *Niven v. MacDonald*, 72 Wn.2d 93, 431 P.2d 724 (1967).

Plaintiff also complains that the trial court erroneously used a view of the scene of the accident to obtain new and extrinsic evidence to support its finding of contributory negligence. *See Christensen v. Gensman*, 53 Wn.2d 313, 333 P.2d 658 (1958).

█ In this jurisdiction, the trial judge may view the premises to aid his understanding of the evidence introduced in the case. He may not, however, view the premises and search for extrinsic evidence to be applied in corroborating or discrediting the testimony of a witness. *Kirk v. Allemann*, 2 Wn. App. 183, 467 P.2d 319 (1970).

In this case, photographs were introduced, showing the

intersection area. According to his oral decision, the trial judge used the view to clarify the photographs, insofar as they demonstrated the degree the intersection was obstructed. In our view, this was a proper use of the view of the scene. Photographic evidence lacks depth and distance perception. The trial court was entitled to clarify that aspect of the exhibits by its view of the scene and also to clarify plaintiff's testimony that the intersection was obstructed *"to a degree." See Kirk v. Allemann, supra.*

Judgment is affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.