[No. 894-1.   Division One—Panel 2.   July 24, 1972.]

ELIZABETH A. JONES *et al., Respondents and Cross-appellants,* v. WILLIAM E. WIDING *et al., Appellants,* VERDA MAE SMITH *et al., Respondents.*

*Robert I. Odom* and *William R. Lanthorn,* for appellants.

*Casey & Pruzan* and *Jack M. Sawyer,* for respondents and cross-appellants Jones et al.

*Horswill, Keller, Rohrback, Waldo & Moren* and *Harold Fardal,* for respondents Smith.

WILLIAMS, J.—This action was instituted to recover for personal injury to Elizabeth A. Jones and Laverda Tomlinson which they sustained in an intersection automobile collision in Seattle on December 18, 1968. Trial to a jury resulted in a verdict in their favor against William E. Widing and Eleanor M. Widing, his wife, and Verda Mae Smith and Dale B. Smith, her husband, the owners of the two cars involved. Thereafter, the trial court entered judgment on the verdict against the Widings, and judgment n.o.v. in favor of the Smiths. The Widings appeal from the judgment against them and the Joneses and Tomlinsons appeal from the granting of judgment n.o.v. to the Smiths.

Considering the evidence in the light most favorable to the claimants, as we must, the facts are as follows: Mrs. Widing, as the favored driver, entered the uncontrolled intersection at a speed less than the limit of 25 m.p.h. She did not see the Smith vehicle, which was approaching from her left. Its driver, Mrs. Smith, did not see the approach of the Widing vehicle on her right. The claimants, Jones and Tomlinson, were riding as guests in the front seat of the Smith vehicle, which was also traveling less than 25 m.p.h. The intersection was in a residential area. Visibility across the corner of the intersection was partially obscured by a low picket fence and a tree. The vehicles, which collided about the center of the intersection, sustained heavy damage and went out of control after the collision.

We will first consider the appeal of the Widings, whose sole contention is that there was insufficient evi-

dence to sustain the verdict. In an intersection case, the favored driver on the right may assume that the driver of any vehicle approaching from the left will yield the right-of-way. This assumption continues in effect until the favored driver becomes aware, or in the exercise of reasonable care should have become aware, that the right-of-way will not be yielded. *Massengale v. Svangren,* 41 Wn.2d 758, 252 P.2d 317 (1953). In addition, the favored driver has a reasonable time to react after it becomes apparent in the exercise of due care that the disfavored driver will not yield the right-of-way. *Poston v. Mathers,* 77 Wn.2d 329, 462 P.2d 222 (1969); *Kilde v. Sorwak,* 1 Wn. App. 742, 463 P.2d 265 (1970).

Therefore, there are two factual questions presented concerning Mrs. Widing's driving: At what point should she have become aware of the Smith vehicle approaching on her left, and how much reaction time did she have thereafter?

Mrs. Widing did not see the other vehicle up to the time of the impact, although it is apparent from the evidence in the record, particularly the photographic evidence, that Mrs. Widing easily could have seen the oncoming car if she had looked. Mrs. Widing relies upon *Liesey v. Wheeler,* 60 Wn.2d 209, 373 P.2d 130 (1962), an intersection collision case in which it was held that a favored driver who did not see the disfavored driver's vehicle until it was 10 to 15 feet in front of him was not negligent as a matter of law. The decision is based upon the premise that the favored driver has a right to assume that the disfavored driver will yield the right-of-way. There must be a limit to this assumption, however. *Niven v. MacDonald,* 72 Wn.2d 93, 431 P.2d 724 (1967); *Owens v. Kuro,* 56 Wn.2d 564, 354 P.2d 696 (1960). As was said in *Henderson v. Bobst,* 6 Wn. App. 975, 977, 497 P.2d 957 (1972):

Plaintiff's contention that the favored driver is under no duty to keep a lookout to his left is not well taken. While the primary duty rests with the disfavored driver, the favored driver has a duty to exercise reasonable care

for his own safety, which includes the duty to look out for approaching traffic.

If we are to hold in this case that Mrs. Widing was not negligent as a matter of law, we will be saying that a driver entering an intersection has no duty at all to look to the left. The law should not sponsor such a suicidal proposition. *See Liesey v. Wheeler, supra* at 213 (dissenting opinion). An inference reasonably could have been drawn from all the facts and circumstances of the case that Mrs. Widing did not use due care. The jury was therefore justified in finding her negligent.[1]

We next consider the action of the trial court in granting the Smiths' motion for judgment n.o.v. Two questions are presented: Was there substantial evidence of gross negligence by Mrs. Smith; and, if so, was it corroborated as required by the host-guest statute? Gross negligence is defined in *Nist v. Tudor,* 67 Wn.2d 322, 331, 407 P.2d 798 (1965) as follows:

> It [gross negligence] means, therefore, gross or great negligence, that is, negligence substantially and appreciably greater than ordinary negligence. Its correlative, failure to exercise slight care, means not the total absence of care but care substantially or appreciably less than the quantum of care inhering in ordinary negligence. In determining the degree of negligence, the law must necessarily look to the hazards of the situation confronting the actor.

*See also Hansen v. Pauley,* 67 Wn.2d 345, 407 P.2d 811 (1965); *Talley v. Fournier,* 3 Wn. App. 808, 479 P.2d 96 (1970).

The uncontradicted testimony of Mrs. Smith is that as she approached the intersection she slowed and looked to the right and left. She was negligent as a matter of law in not seeing and yielding the right-of-way to the Widing vehicle. *Watson v. Miller,* 59 Wn.2d 85, 366 P.2d 190 (1961);

---

[1] The court refused to give an instruction on the seat belt defense. The assignment of error to this refusal was abandoned by Mrs. Widing at the hearing because of the ruling in *Derheim v. N. Fiorito Co.,* 80 Wn.2d 161, 492 P.2d 1030 (1972).

*Owens v. Kuro, supra.* However, we believe that her failure to see the oncoming vehicle under these circumstances does not amount to gross negligence. *Dawson v. Foster,* 169 Wash. 516, 14 P.2d 458 (1932); *Connolly v. Derby,* 167 Wash. 286, 9 P.2d 93 (1932).

*Grace v. Edds,* 4 Wn. App. 798, 484 P.2d 441 (1971), cited by the claimants, is distinguishable on its facts. In that case the defendant drove his car into the rear of another car, which had halted in the same lane of traffic, without seeing it.

Because we agree that there was not substantial evidence of gross negligence, it is unnecessary to consider the question of corroboration.

The judgment is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.