[No. 7137-8-I.  Division One.  February 25, 1980.]

EDWARD J. O'SULLIVAN, *Respondent*, v. WINFIELD SCOTT, ET AL, *Appellants*.

---

431

*Gary F. Bass,* for appellants.

*Arthur C. Claflin* and *Bogle & Gates,* for respondent.

WILLIAMS, J.—The Scotts appeal from a judgment of contempt for their refusal to comply with an order granting summary judgment. The primary issue is whether the trial court erred in viewing the parties' property over the Scotts' objection.

O'Sullivan filed a motion for an order to show cause why the Scotts should not be held in contempt for not complying with an order of summary judgment entered on January 18, 1978, enjoining them from maintaining any "hedge" over 6 feet in height. The order defined a "hedge" as

any trees, shrubs, or other natural growth situated in such a manner that any limb, leaf, or other portion of said trees, shrubs or other natural growth comes within a point of three feet or less of any other trees, shrubs, or other natural growth, or portion thereof.

In support of the motion to show cause, O'Sullivan filed an affidavit with several photographs attached. To better understand the photographs, the trial judge, by agreement of the parties, visited the premises. He subsequently notified the parties that the Scotts were to remove certain

obstructions to view by September 8 or sanctions would be imposed.

On October 19, 1978, O'Sullivan filed a second motion for order to show cause supported by an affidavit stating that "[s]ince August 24, 1978, no further cutting or trimming of trees has been performed on the property owned by defendants . . ." In response, Scott filed an affidavit in which he stated, in part, that on October 21, 1978, he cut down seven more trees and had cut down all shrubs on his property to the point that no tree or shrub or any part thereof was closer than 3 feet to any other tree or shrub. To resolve the conflict in the affidavits, the trial court went to the premises for a second time, over the Scotts' objection, and thereafter found the Scotts in contempt.

■ Although the determination of whether to view a scene rests within the sound discretion of the trial court, *Forbus v. Knight,* 24 Wn.2d 297, 163 P.2d 822 (1945), it is error for the trial court to view the premises to verify its own theory, *Elston v. McGlauflin,* 79 Wash. 355, 140 P. 396 (1914), or to obtain extrinsic evidence not included in the record. *Henderson v. Bobst,* 6 Wn. App. 975, 497 P.2d 957 (1972); *Kirk v. Allemann,* 2 Wn. App. 183, 467 P.2d 319 (1970). The rule is that

> The trial judge may view the premises for the purpose of clarifying and harmonizing testimony. In other words, [the] view of the premises is to aid . . . in [the] understanding of the evidence introduced in the case. . . .
>
> In this jurisdiction, the trial judge cannot view the premises for the purpose of proving some *res gestae* fact not in evidence, nor may he view the premises for the purpose of searching for extrinsic evidence to be applied in corroborating or discrediting the testimony of a witness. If he does so, and his judgment is based thereon, it is reversible error.

*Christensen v. Gensman,* 53 Wn.2d 313, 318, 333 P.2d 658 (1958).

the record contains no evidence to dispute Scott's affidavit that he complied with the court's order on October 21 when, as he swore, he cut down the trees and shrubs so that

433

those remaining were 3 or more feet apart. The second viewing of the property then, necessarily, was the source of the information the court had in deciding that the Scotts still had not complied with the order and were in contempt. The court, therefore, abused its discretion in viewing the property.

Because of this determination, the other issues raised in the appeal will not be considered. Neither party shall be awarded costs or attorney's fees on this appeal.

Reversed and remanded for further proceedings.

JAMES A.C.J., and RINGOLD, J., concur.