[No. 7833–0–I.   Division One.   April 6, 1981.]

KENNETH W. JOHNSON, *Appellant,* v. ED MARTIN,
ET AL, *Respondents.*

*Barry & Barnhart* and *Gary Levell,* for appellant.

*Carney, Stephenson, Siqueland, Bradley, Smith & Mueller* and *Nicholas P. Scarpelli, Jr.,* for respondents.

WILLIAMS, J.—Kenneth W. Johnson brought this action against Ed Martin and wife to recover damages for injuries he suffered after visiting the Martins' business establishment, a restaurant and bar. Trial to the court sitting with a jury was terminated by an order of dismissal at the close of Johnson's case in chief. The appeal is from that order.

The claim of negligence on the part of the Martins was based upon the following allegation in Johnson's complaint, section 4:

> Said Defendants, and their agents, should have known that a fight was ensuing in time to have stopped it and avoided the injuries sustained by Plaintiff; additional policing of the business premises was necessary for the

protection of his guests, and Defendants and their agents failed to exercise reasonable care to protect Plaintiff from injury and harm.

Johnson argues that the following regulations required that the bartender keep him safe from "those who are intoxicated and from his own intoxication":

> No retail licensee shall give or otherwise supply liquor . . . to any person apparently under the influence of liquor; . . .

WAC 314-16-150.

> No licensee, or employee thereof, shall be disorderly, boisterous or intoxicated on the licensed premises, or on any public premises adjacent thereto which are under the licensee's control, nor shall any licensee, or employee thereof, permit any disorderly, boisterous or intoxicated person to be thereon; nor shall any licensee, or employee thereof, use or allow the use of profane or vulgar language thereon.

WAC 314-16-120(1).

■ The modified common law rule is that

> the keeper of an establishment wherein intoxicating liquors are dispensed, while not an insurer of the safety of his patrons, owes the duty to his patrons to exercise reasonable care and vigilance to protect them from reasonably foreseeable injury, . . . at the hands of other patrons.

*Waldron v. Hammond,* 71 Wn.2d 361, 363, 428 P.2d 589 (1967).

Although there were several altercations while Johnson and his assailant were on the premises, the injuries complained about were inflicted several minutes after both had left, each with his friends. There was no proof that anyone, Johnson included, was intoxicated because of some act or neglect of the Martins, or at all. When first Johnson and then several minutes later the assailant left, those parties went beyond the control of the Martins and their agent, the bartender, and there was nothing reasonably prudent that they could do to protect either one.

Applying the rule of *Waldron v. Hammond, supra,* in

*Shelby v. Keck,* 85 Wn.2d 911, 917, 541 P.2d 365 (1975) the Supreme Court said:

> While the common law is not so inflexible as to deprive all injured parties of a right of recovery against the seller of intoxicants under all circumstances, it will not permit liability to attach without a concomitant showing of a violation of an established standard of reasonable care thereby causing a foreseeable injury. The acceptance of this philosophy by the State of Washington is clearly reflected by the actions of the legislature and the opinions of this court.
>
> Applying this standard to the facts of this case we find that there was no competent evidence, nor any reasonable inference which would arise therefrom, to support a finding that the defendant's employees had notice that they were furnishing liquor to an individual who was intoxicated, let alone one who had lost his willpower or who was so inebriated as to no longer be held responsible for his conduct. Therefore, due to the plaintiff's failure to present a prima facie case entitling her to present her case to the jury, the trial court was correct in directing a verdict in favor of the defendant.

The same conclusion must be drawn in this case. The other questions raised do not concern errors made by the court.

The judgment is affirmed.

JAMES, C.J., and ANDERSEN, J., concur.

Reconsideration denied May 12, 1981.